DESCELLES *v.* KADMUS.

Where a husband introduces a woman of profligate habits into his house, and permits her to remain there as an inmate, the wife will be justified in withdrawing from his protection, and he will be bound to provide her with necessaries.

The husband is required to supply the wife with necessaries, such as meat, drink, clothes, medicine, &c., suitable to his degree and circumstances; and if he, by his treatment, shall render her situation unsafe, or their home unfit for a modest and chaste woman to remain in, he sends her from home as effectually as if he turned her out of doors without cause;

and, under such circumstances, he gives her a general credit for necessaries, for which he will be liable to any one furnishing them.

In order to enable a plaintiff to recover for necessaries furnished the insane wife of the defendant, when compelled to leave his house, on account of either his cruel treatment, or because of his making lewd and profligate women inmates of her home, it is not necessary that the plaintiff should show that he furnished such necessaries as the regularly appointed guardian of the wife.

*Appeal from the Dubuque District Court.*

MONDAY, APRIL 4.

PLAINTIFF sues for the board and maintenance of defendant's wife, who was insane, and alleged to have left the husband's house, because of his cruel and inhuman treatment. Answer in denial; trial and judgment for plaintiff, and defendant appeals. The defendant asked the court to instruct the jury, that plaintiff could not recover, without showing that he was the regularly appointed guardian of defendant's wife. This instruction was refused—excepted to—and such refusal is now assigned for error.

*J. L. Harvey,* for the appellant.

*Ben. M. Samuels,* for the appellee.

WRIGHT, C. J.—The bill of exceptions recites, that evidence was offered tending to show that the wife of defendant was, and had, for about the space of five years, been insane; that during that time, the defendant had frequently ill-treated her, by beating and confining her, and bringing into his house women of lewd character; and that at the time stated in the petition, she left the husband's house, and came to that of plaintiff, (her brother-in-law), who furnished her with board and clothing. There was no evidence that plaintiff had ever been appointed guardian of defendant's wife. Upon this state of facts, the defendant asked the instruction, that plaintiff could not recover, without showing

Descelles v. Kadmus.

that he had been appointed such guardian. This was refused, and the jury instructed :

*First.* That the husband is bound only to make suitable provision for his wife at his own house ; and that if she wilfully abandons him, she carries with her no credit of the husband, and can impose on him no liability.

*Second.* The husband is not responsible even for the necessaries furnished the wife, when residing apart from him, if she left without good cause, and against his consent. But if the separation was caused by improper treatment on his part, or if he assented to, or acquiesced in it, he is liable for her support, and to that extent she has credit on his account in the community.

*Third.* If the husband brings a profligate woman into his house, and permits her to remain there as an inmate, this is a sufficient ground to cause the wife to leave, and any one who furnishes her necessaries, may recover the value of them from the husband.

*Fourth.* That in order to recover, plaintiff must show gross indecency on the part of the husband, committed in the family, or just ground for apprehending personal violence on the part of the wife, as a cause for the separation.

*Fifth.* If the insanity of the wife was without a lucid interval, and so entire as to render her at all times insensible to any happiness or mental anguish, caused by the infidelity of the husband—if he provides for her wants, and be guilty of no cruelty, no person could, by harboring and furnishing her with necessaries, recover the value of them from him, although the acts of infidelity may have been committed in the homestead, and have been accompanied by gross indecency, such as bringing a profligate woman into the house. If, however, the wife had a lucid interval, during which she was capable of feeling the indignity and the disgrace, and left in consequence thereof, then the husband would be liable to any furnishing her with necessaries. Nor would a relapse into insanity affect the liability of the husband, so long as these lucid intervals

continued to recur." And the same rule was given to the jury for their government, in considering the question of personal violence offered by the husband to the wife.

These instructions were, at least, as favorable to defendant as he could ask. Clancy's Rights Mar. Wom., 28, 9, 30, 31; 7 N. H., 571; *Evans* v. *Fisher*, 5 Gilm., 571; 2 Kent, 146; 3 Bing., 127; *McGahay* v. *Williams*, 12 Johns., 293; *McCutcheon* v. *Same*, 11 Ib., 281; 3 C. & P., 15; *Blowers* v. *Sturtevant*, 4 Denio, 49; 1 Selw. N. P., 281; 2 Bights H. & W., 10 and 11; *Emery* v. *Emery*, 1 Younge & Jer., 501; *Lidlow* v. *Wilmot*, 2 Stark., 87. And there is nothing to satisfy us, that the court would have been justified in giving that asked by him. The doctrine of the instruction numbered three, we may remark, was denied in *Howard* v. *Heffer*, 3 Taunt., 431; but the authority of that case was afterwards denied in *Houliston* v. *Smyth*, 3 Bing., 127, and *Aldis* v. *Chapman*, 1 Selw. N. P., 281; and it may now be stated as the settled law, that if the husband introduces a woman of profligate habits into his house, and permits her to remain there as an inmate, his wife will be justified in withdrawing from his protection, and he will be bound to provide her with necessaries.

The opposite doctrine, in the language of Mr. Justice PARK, in the case from 3 Bingham is "abhorrent to every feeling of a man and a christian," and it "cannot be the law of England," (or of this country), "because it is not the law of morality or religion." And see Clancy's Rights Mar. W., 32; 4 Denio, 49.

But we turn to the more particular examination of the instruction asked. It is suggested that plaintiff claims in his petition, that he had been appointed guardian of the defendant's wife, and that he based his right to recover upon that appointment. This is not our understanding of the petition. Petitioner states that some proceedings were had in the county court, whereby he had reason to suppose that he had been appointed guardian, &c. Beyond this averment, and the denial of it in the answer, there is no-

Descelles v. Kadmus.

thing tending to show that plaintiff claimed to be acting as such guardian, or that he predicated his right to recover upon such appointment. The language used, seems to be introductory to other and material averments; and may properly be treated as surplusage, and as such, disregarded.

Could the plaintiff recover, then, without showing that he had been appointed, and was the guardian of defendant's wife? Of this, we entertain no doubt. The wife was boarded and maintained by plaintiff, not as her guardian; she was received into his house and protection, and continued there, not because he held that relation to her; but because the husband, by his improper conduct, had rendered her departure from her home indispensable. The law requires the husband to supply his wife with necessaries—such as meat, drink, clothes, medicines, &c.—suitable to his degree and circumstances; and if he, by his treatment shall render her situation unsafe, or their home unfit for a modest and chaste woman to remain in, he sends her from home as effectually as if he turned her out of doors, without cause; and under such circumstances, he gives her a general credit for necessaries, for which he will be liable to any one furnishing them. It was in view of this obligation, that plaintiff furnished the necessaries to defendant's wife, and sought to make him liable. Her insanity would certainly not lessen his liability in this respect. How far such situation should legitimately operate to require plaintiff to return her to the husband's care and protection, if required; or what other effect it might have, under many possible circumstances, we are not now called upon to determine. We only determine that in order to enable the plaintiff to recover for necessaries furnished the insane wife of the defendant, when compelled to leave his house, on account of either his cruel treatment, or because of his making lewd and profligate women inmates of her home, it was not necessary that he should have furnished them as such, in taking her under his care and protection.

Judgment affirmed.