Adae & Co. v. Zangs.

## ADAE & Co. v. ZANGS.

1. **Evidence:** USE OF ENTRY TO REFRESH MEMORY: PRACTICE. Where a witness has no independent recollection of the facts about which he is questioned, after reference to the entries in a book, although he may recollect that the contents were correct at the time he saw them, the writing itself must be produced, that the other party may cross-examine respecting it.

2. ———: ———: ———. Where no attempt is made to base a cross-examination upon the entry, and it is not required to be produced for that purpose, its absence works no prejudice.

3. ———: DEPOSITION: WHERE A PART OF AN ANSWER IS PROPER. An interrogatory and answer should not be suppressed entire when a part thereof is competent and material to the issue.

4. **Practice:** APPEAL: AMENDMENT. In an action before a justice of the peace upon a draft, the name of the party plaintiff was mis-spelled, and commissions for taking depositions issued and other proceedings were had with the error uncorrected. Upon appeal and after the jury were impaneled, it was *held* that the error might be corrected.

5. ———: SECURITY FOR COSTS. If a motion for security for costs could be made at all after appeal from the justice's court, it would be too late after the jury were sworn.

6. **Constitutional Law:** JURY: COSTS. Chapter 32, Laws of the Fifteenth General Assembly, providing that the per diem of the jury shall be taxed as a part of the costs, is not unconstitutional.

*Appeal from Wapello Circuit Court.*

TUESDAY, OCTOBER 26.

THIS action was commenced before a justice of the peace upon a draft, of which the following is a copy:

"CINCINNATI, OHIO, Aug. 23, 1872.

Ninety days after date, pay to the order of ourselves ninety-five dollars, value received, and charge to account of Mohr, Solomon & Mohr.

To H. A. ZANGS, Ottumwa, Iowa.    Accept, H. A. ZANGS."

This draft was indorsed "Mohr, Solomon & Mohr."

Defendants, for answer, allege that the draft was given in

consideration of intoxicating liquor sold to defendant in this state, with intent to enable defendant to violate the law of the state, and that the plaintiffs took it long after it was due and dishonored, with full knowledge that it was given by defendants to Mohr, Solomon & Mohr, for intoxicating liquors.

Judgment was rendered for plaintiffs for the amount of the draft.

Upon appeal to the Circuit Court there was a jury trial resulting in a verdict and judgment for plaintiffs. Defendant appeals.

*John B. Ennis* and *E. L. Burton*, for appellant.

A witness is permitted to look at a written entry only when he is able after inspection to speak to the facts from his own recollection. (1 Greenl. on Ev., § 436; *Hull v. Alexander*, 26 Iowa, 569.) The writing itself must be produced when the witness simply knew it when he saw it, and remembered that he then knew the contents to be true, unless he has an independent recollection of its facts. (*McKivitt v. Cone*, 30 Iowa, 458; 1 Stark., 129; *Lawrence v. Barker*, 5 Wend., 501; *Haren v. Wendell*, 11 N. H., 112; *Doe v. Perkins*, 8 T. R., 754.) A conversation which is a part of the *res gestæ* is admissible, its weight to be determined by the jury. (Greenl. on Ev., § § 196–7.)

*I. N. Mast* and *W. W. Cory*, for appellee.

DAY, J.—I. The first error assigned relates to the overruling of defendant's motion to suppress parts of the deposition of Otto M. Adae.

This witness testified that he was discount clerk of the firm of C. F. Adae & Co., and that from memory he could not state the time when plaintiff became the owner of the draft on which suit is brought. Following this statement the deposition contained the accompanying questions and answers: "Int. 4. If you cannot state from your memory unaided, use any memorandum you may have to refresh your memory,

and then state when plaintiff became the owner of the draft sued on. Ans. On August 30, 1872. Int. 5. If you cannot state when plaintiff became the owner of the draft sued on from memory, use any memorandum you may have, made by yourself, and which, at the time you made it, you can now say you know to be correct, and, after examining this memorandum, state when said draft became the property of plaintiff? Ans. The books show that it was on August 30, 1872. Int. 6. State, if you can, from memory, the consideration plaintiff gave for said draft, and from whom plaintiff obtained it? Ans. I cannot from memory. Int. 7. If you cannot from memory, use any memorandum you may have to refresh your memory, and then state the consideration plaintiff gave for said draft, and from whom plaintiff obtained it? Ans. Paid full value of draft, less discount; obtained it from Mohr, Solomon & Mohr. Int. 9. State whether said draft was due at the time plaintiff became the owner of it, and if so, how long it had been due, and if not, how soon, or about how soon it became due? Ans. It was not due; fell due in November, 1872."

Upon cross-examination, this witness stated that he relied only on the books as to the time of taking the draft, and that, of his own personal knowledge and recollection, without the books, he could not tell the time he took it.

The defendant moved the court to suppress the above interrogatories and answers, "because the same are incompetent and improper, the witness having no knowledge of the facts, and is testifying from the books of original entries, in which case the books must be produced."

The entries referred to were made by the witness. It is quite evident from his direct and cross-examination that inde-
1. EVIDENCE: pendently of these entries he has no recollection entries: practice. of the matters respecting which he testifies, and that these entries do not so refresh his recollection that he is enabled to testify from memory, but that he is enabled to testify from the fact that he made the entries, and that, at the time he made them, he knew the contents to be correct. In 1 Greenleaf on Evidence, section 437, it is said: "Where the

witness recollects having seen the writing before, and though he has now no independent recollection of the facts mentioned in it, yet he remembers that, at the time he saw it, he knew the contents to be correct, * * * * the writing itself, must be produced in court, in order that the other party may cross-examine; not that such writing is thereby made evidence of itself, but that the other party may have the benefit of the witness refreshing his memory from every part."

Such memorandum is used for a purpose altogether different from a book of original entries, and the necessity for its production rests upon entirely different grounds.

The case of *Churchill v. Fulliam*, 8 Iowa, 55, cited by appellant, has no applicability to the present question. A book of original entries, when admitted, itself becomes the witness. A memorandum or writing, used simply to refresh the memory of a witness, does not become the witness, and it is necessary that it should be produced only for the purpose of enabling the other party to cross-examine, and that he may have the benefit of the refreshing of the memory of the witness from every part.

In this case the defendant did not attempt to base any cross-examination upon the entries referred to by the witness, nor ask that they might be produced for that purpose. We are unable to see how he was substantially prejudiced by a failure to produce them. The case does not fall within the principle of *McKivitt v. Cone*, 30 Iowa, 455.

II. The defendant also assigned as error the refusal of the court to suppress, in the examination in chief of Adolph Linecke, Carl A. G. Adae and Otto M. Adae, the following interrogatory and answer: "13. State if the one who made the purchase of this draft, or any member of plaintiff's firm, previous to the time the purchase of said draft was completed, knew the circumstances under which the defendant had given the said draft, or what defendant had received in consideration for said draft? Ans. They did not."

The defendant moved to suppress this interrogatory and answer, "because the same is too general, indefinite, and is not confined to the matters embraced in the issues."

Adolph Linecke and Carl A. G. Adae are members of the firm of plaintiff, and Otto M. Adae is the discount clerk, who bought the draft. The motion to suppress is directed to the entire interrogatory and answer. It is clear that, in so far as the answer shows that the witness had no knowledge of the circumstances under which defendant gave the draft, it is proper, and it ought not to be suppressed entire, because it embraces something of which the witness probably had no proper knowledge. The knowledge of plaintiffs of the circumstances under which the draft was given certainly is involved in the issue, for the answer alleges they took it with knowledge that it was given for an illegal consideration.

III. The action before the justice of the peace was commenced in the name of A F. Adae & Co. The abstract shows 4. PRACTICE: that the draft was indorsed by C. F. Adae & Co., appeal: amendment. for collection, and that the signature is in writing, and unintelligible, except to one familiar with the name.

That the correct name of plaintiffs is C. F. Adae & Co. That the commissions for taking all the depositions issued in that name, and that the justice of the peace wrongly interpreted the name written on the back of the draft.

Upon motion setting forth these facts, supported by affidavit, after a jury had been called and sworn to try the issues, the court permitted an amendment, correcting the mistake in the name of the plaintiff, and assessed to plaintiff the costs accrued up to that time. Defendant complains of the permitting of this amendment, citing section 3596 of the Code of 1873. It would be a reproach to our jurisprudence if such an amendment, under such circumstances, should be refused. See section 2689 of the Code.

IV. After the amendment had been made, defendant filed a motion to require the new plaintiffs to give security for costs, 5. ——: secu- on the ground that they were non-residents, and rity for costs. that defendant had a good defense. The overruling of this motion is assigned as error.

If this motion could be made at all upon appeal from a justice's court, (see *Smith v. Humphrey*, 15, Iowa, 427) it was made too late. The provisions of the Code, section 2927,

require that it shall be made before answering. In this case, the answer was filed in the justice's court, and if it was competent to make the motion in the District Court, it should have been made at the earliest practicable moment. All the reasons for the motion existed before the correction in the name of plaintiff, and it was too late to insist upon the giving of security for costs, after the jury was sworn.

V. The court instructed the jury as follows:

"5. If you find that no sale of the liquors was made in this state, but that the person taking the order did so without closing the contract, but took it as the agent of defendant and forwarded it to the said Mohr, Solomon & Mohr for acceptance, and it was not accepted until it reached them, and was accepted, then the contract would not be complete until accepted, and if accepted out of the state, then it would not be in violation of the laws of this state, unless the sale was made with intent to enable the defendant to violate the laws of this state prohibiting the sale of intoxicating liquors." The court also gave other instructions defining the circumstances under which the sale would be completed out of the state, and the rights and obligations of the parties if the sale should be found to have been so made.

The defendant assigns as error the giving of each of these instructions, and insists that there is no evidence to which they are pertinent. The position of appellant is that the only evidence introduced respecting the sale is the testimony of the defendant himself, and that he shows clearly that the sale was completed in this state.

In his direct testimony he does state that he bought the liquor of Mohr, Solomon & Mohr in Ottumwa. But in his cross-examination it appears that the liquor was purchased of Geo. Bartell, the agent of Mohr, Solomon & Mohr, and a runner for their store. That the order was given to him in Ottumwa, and he sent the order to the house, and they sent the liquor. That it was received through the railroad company, and defendant paid the freight. That defendant does not know what power Bartell had. Under this testimony there was no

error in giving the instructions complained of. *Tyler & Co.
v. Shipman*, 33 Iowa, 194.

VI. The cause was commenced in 1872, and was tried in
November, 1874. The defendant moved the court
to tax six dollars only of the jury fee to defend-
ant. The motion was overruled, and this action is assigned
as error.

6. CONSTITU-
TIONAL law:
jury: costs.

Chapter 15, Laws of the Ninth General Assembly, provides
that there shall be taxed as part of the costs in every judg-
ment rendered in the District Courts, the sum of six dollars
as jury fees. The provisions of the Code of 1873 are the
same. See section 3812.

Chapter 32, Laws Fifteenth General Assembly, amends this
section and provides that the per diem of a jury, while engaged
in the trial of a cause, shall be taxed as part of the costs.

Appellant contends that the right to have a jury try the
cause at an expense of only six dollars had accrued to him
when the action was commenced, and that this right is pre-
served and continued by section 50 of the Code.

Section 47 of the Code provides that all public and general
statutes, passed prior to the present session of the General
Assembly, the subjects whereof are revised in this Code, are
hereby repealed. Section 50 provides that this repeal shall
not affect any act done, etc. That is, no act done or right
accrued shall be affected by any repeal made by the Code.
The repeal in question was made by subsequent legislation,
and is not limited or affected by the section in question.

It is further claimed that the law is unconstitutional, being
an infraction of Section 9 of the Bill of Rights, which pro-
vides that "the right of trial by jury shall remain inviolate."
The purpose of this provision is to secure to suitors the right
of a jury trial. It does not either directly or by implication
provide that this right shall be enjoyed without expense.

The law in force ever since 1862 provided that six dollars
of the fees of the jury should be taxed as costs against the
losing party. We are not aware that the constitutionality of
this provision has ever been questioned, and we do not see
upon what basis it could be questioned. Yet it is just as

competent for the legislature to require the losing party to pay the whole jury fee, as a part of it. In either case a party enjoys the right inviolate, if he is willing to incur the expense. Whether it is good policy and a wise measure to cast upon him this burden, the legislature must determine.

VII. The plaintiffs took the draft before it was due, and the jury found specially that they took it before it was accepted. It is claimed they are not entitled to the protection of innocent purchasers because of that fact. The position we think is not tenable. The fact that they took it before it was accepted would not affect them with knowledge of the fact that it was given for the purchase of intoxicating liquors in violation of law.

VIII. The verdict is supported by the evidence, and is not in conflict with the instructions. We have considered in detail the principal errors assigned. We have carefully examined the entire record, and discover no error prejudicial to defendant.

AFFIRMED.