THE COUNTY OF DELAWARE v. McDONALD.

1. **Husband and Wife:** SUPPORT OF INSANE WIFE: LIABILITY FOR. Under chapter 26, Acts of the Fifteenth General Assembly, the husband is not liable for the expenses incurred in the treatment of his insane wife who has been ordered to be sent to the hospital for the insane, and the county cannot recover from him the amount it has expended therefor.

*Appeal from Delaware Circuit Court.*

FRIDAY, JUNE 8.

THE defendant's wife, Ann McDonald, was adjudged by the commissioners of insanity to be insane and was ordered to be sent to the hospital for the insane at Mount Pleasant, and was afterward removed to the hospital for the insane at Independence. The expenses attending her treatment have been paid by the plaintiff, to-wit: for the quarter ending June 30th, 1874, and two subsequent quarters. This action is brought to recover the amount so paid of the defendant. Judgment for the defendant. Plaintiff appeals.

*G. Wattson*, for appellant.

*Griffin, Crosby & Carr*, for appellee.

ADAMS, J. Under the Code, Sec. 1433, the defendant was clearly liable. It is there expressly provided that "the auditors of the several counties . * * * are authorized and empowered to collect from * * any person legally bound for their support (the support of insane patients) any sums paid by the county in their behalf." The husband is legally bound for the support of his wife, and under the provision he was liable for the expenses paid by the county in her treatment as an insane patient. But said section has been amended. By an Act of the Fifteenth General Assembly, Chap. 26, the words "from any person legally bound for their support" were stricken

1. HUSBAND and wife: support of insane wife: liability for.

out. It is contended by appellant, however, that the husband's liability did not depend upon said section 1433, and that the amendment, therefore, cannot have the effect to release him from such liability. On this point our attention is called to section 2214 of the Code, which is in these words: "The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately.

The expenses for the treatment of an insane wife in a hospital for the insane provided by the State, it is contended, are a part of the family expenses. But we are of the opinion that they cannot properly be so considered. The treatment, we think, is intended partly as a great charity towards the unfortunate subjects, and partly as a protection and relief to society.

The State reaches out its strong arm and makes the insane its wards regardless of the care which they may receive at home, or the wishes of those upon whom they are dependent for support. The treatment furnished the defendant's wife was not given her by any contract with him either express or implied. It cannot then, we think, be regarded as a part of the family expenses.

We will add that we fail to discover any common law liability to pay for it, and since the amendment referred to, we think that there has been no statutory liability in such a case.

AFFIRMED.