## PHILLIPS v. BLAIR ET AL.

FORMER DECISION IN THIS CASE, 38 IOWA, 649, ADHERED TO, AND HELD CONCLUSIVE OF THE RIGHTS OF THE PARTIES.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 23.

ACTION to recover real estate. The defendants pleaded an equitable estoppel. Trial to the court; judgment for the plaintiff, and the defendants appeal.

*E. S. Bailey* and *I. N. Kidder*, for appellants.

*Wright, Gatch & Wright* and *Phillips, Goode & Phillips*, for appellee.

SEEVERS, J.—This cause was before the court at a former term, and will be found reported in 38 Iowa, 649. That it was then fully considered is apparent, as on a rehearing the first ruling made was changed, and a second petition for a rehearing overruled. In doing so, a supplemental opinion was filed. If a mistake was made, it was not done because of a failure to consider the evidence and arguments of counsel. We are impressed strongly with the thought, after a careful reading of the argument of counsel for the appellee, that as to the question of estoppel as to John A. Hull, the argument is much in the nature of a very able presentation of another petition for a rehearing, for we confess our inability to see any material distinction or difference in the evidence from what it was on the former hearing.

The pleadings or issues are the same now as then. The evidence, with the exception of that of Mr. Hull, is the same now as then, except that the proceedings before the justice, and what may be styled the written evidence, was introduced on the former trial by the plaintiff, and on this by the defendants. These writings were identified by the witnesses who made them, and they, in substance, testified the statements or recitals therein were correct. This evidence, we think, was admissible within the rule laid down in 1 Greenleaf Ev., § § 115, 116, 436, 437, and *Adae & Co. v. Zangs*, 41 Iowa, 536.

We find, from this evidence, as the court did on the previous occasion referred to, that John A. Hull was the attorney for Grither through the transaction, including the sale under the execution.

We have read, more than once, the evidence of Mr. Hull, and are impressed that he does not testify to a single affirmative fact which, in the slighest degree, destroyed the effect of the evidence introduced by the defendants. He testified with, at least, great apparent caution. If an affirmative fact was stated, it was immediately qualified so as to destroy its effect as such. His evidence is, in a degree, argumentative, and of a decidedly negative character. We are impressed therefrom that Mr. Hull was

either unable or unwilling to testify that he was not the attorney of Grither, or that he did not advise the sale of the land, or that the certificate of purchase was not delivered to him, or some one who was in his office acting for him.

While it may possibly be said that he denied being at the sale under execution, this is so qualified as to induce us to believe that some one was there from his office representing him on that occasion, or if this be not true, Mr. Hull does not deny, or say, in clear terms, that no one was at the sale representing and acting for him.

We are unwilling to believe that either Grither or Hull, at the time of the sale, knew or believed the judgment to be void. Neither of them, if such had been the case, would have sold the real estate under an execution issued on such a judgment, thereby incurring a useless expense. Mr. Hull certainly would not have knowingly so advised his client, nor would he have so far participated therein as to receive for his client the certificate of purchase, and thereby, by his silence, at least, lead the client to believe the sale was valid. It was the duty of Mr. Hull to have said to his client that the sale was invalid, and we must believe he would have done so if he had so believed. We think he must have forgotten the facts as to the service of the notice, as more than two years had elapsed between the rendition of the judgment and the sale. We are unable to conclude, therefore, that Mr. Hull talked with Grither before the sale in relation to the validity of the judgment. It must have been after the sale this occured, and Mr. Hull is unable to say that it was before. The decision made when the case was tried on the former appeal is conclusive upon the rights of the parties, and we adhere thereto.

Since the former hearing the evidence of Wood has been taken and is before us, and, without setting it out, we think the estoppel pleaded as to him is also established.

A motion was made by the appellee to affirm the judgment below, because a trial *de novo* could not be had in this court, and no errors are assigned. This action was commenced in 1869, under the Revision, and the motion must be overruled, because the parties are entitled to a trial anew in this court.

REVERSED.