RICHARDSON COUNTY, PLAINTIFF IN ERROR, v. HENRY C. SMITH, CHARLES F. SMITH, AND JUDSON SMITH, DEFENDANTS IN ERROR.

Insane: SUPPORT BY CHILDREN. There is no liability at common law, or by statute, against the children of insane persons, for the maintenance of such persons in the state hospital for the insane.

ERROR to the district court for Richardson county. Tried below before BROADY, J.

*Edwin Falloon,* for plaintiff in error, cited: 1 Blackstone Com., 454.

*C. Gillespie,* for defendants in error, cited: Walker's American Law, Secs. 108, 109. 2 Kent Commentaries, 208. *Lebanon v. Griffin,* 45 N. H., 558.

REESE, CH. J.

This action was instituted for the purpose of recovering of defendants in error the amount paid by Richardson county for the maintenance of Elizabeth Smith in the insane asylum, she being the mother of defendants.

It is alleged in the petition that Elizabeth Smith had been declared insane by the proper authorities of Richardson county, and that she had been detained in the insane hospital of the state until her death, at an expense of $1,025, which had been paid by the county; that she died in said hospital on the 29th day of November, 1885; that her husband, Charles C. Smith, died on the 6th day of February, 1879, and at that time the expense of maintaining said Elizabeth Smith in the hospital had amounted to the sum of $52. The principal portion of the expenditure was, therefore, made after his death. That at the time of his death he was possessed of personal property of the value of $3,000, and of real estate of the value of $2,500, the joint accumulation of himself and wife; that administration of his estate had been duly had, and by the order of the county court of Richardson county about $2,000 of the proceeds of the personal property belonging to the estate passed to the defendants; that the land was the homestead of said Charles C. Smith and family, and upon his death his wife became seized of a life estate

therein, and the rents and profits of said land, of the annual value of $400, during her life time, were converted by defendants to their own use, and upon the death of Elizabeth Smith the real estate passed to the defendants as the sole heirs and children of said Charles and Elizabeth, deceased; that Elizabeth left surviving no husband, father, mother, grandfather, nor grandmother in this state, and that the defendants are now, and have at all times been, of sufficient ability to support their mother, Elizabeth Smith. Judgment is demanded for the sum of $1,023, with interest and costs.

To this petition defendants interposed a general demurrer, which was sustained by the district court, and upon the cause being dismissed, plaintiff brings it to this court by proceedings in error, assigning therefor, as error, the ruling of the court upon said demurrer.

It will be observed, upon an examination of the petition, that there is no allegation that the defendants had attained their majority at the time of the death of their mother, nor even at any time before the commencement of the suit. It is believed that such an allegation would have been necessary to entitle plaintiff in error to maintain the action, did a liability exist.

Under the provisions of section 17 of chapter 36, Compiled Statutes of 1887, the homestead, on the death of the husband or wife, vests in the survivor for life, and afterwards in his or her heirs forever, subject to the power of decedent to dispose of it, except the life estate of the survivor by will. In either case, it is not subject to the payment of any debt or liability contracted by or existing against the husband or wife, or either of them, previous to or at the time of the death of such husband or wife.

It is alleged that the land in dispute was the homestead of the husband and wife, which vested in her at his death. This being true, so long as the homestead character was maintained by the children, it would still be exempt to

them, and they would not be chargeable for rents and profits. Again, it would not be "subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them." It is very clear, therefore, that the demurrer was properly sustained on this ground alone. But it is insisted that the decision in *Richardson County v. Frederick*, 24 Neb., 596, was wrong, and that not only were the defendants in that case liable, but that upon the case made in the petition here these defendants are liable.

Our attention is again called to section 1 of chapter 67 of the Compiled Statutes, and it is insisted that the liability of defendants is created thereby. In writing the opinion in the case referred to, we endeavored to show the radical distinction which exists between a pauper, as defined in chapter 67, and an insane person as defined and provided for in chapter 40 of the Compiled Statutes. Chapter 67 contains provisions for such persons who shall be unable to earn a livelihood in consequence of bodily infirmity, idiocy, lunacy, or other unavoidable causes. It is difficult to state more clearly than in the previous case the fundamental distinction between the provisions of the two chapters. In the one case, the obligation rests upon the persons named to maintain those who are unable to earn a livelihood, from unavoidable causes, without reference to the origin of their inability to maintain themselves. And if that condition is brought about by their mental or bodily infirmity, the liability of the persons named is fixed. But this must be limited to such as are styled paupers. They are the persons to whom the provision applies. An individual may have become a pauper in consequence of lunacy, and yet be sane at the time when they are entitled to relief under the chapter, while the insane person may require the care of the state, as such, and yet not be a pauper. The law providing for the support of paupers, provides, in clear language, that it is the condition and not the cause that

fixes the liability upon the relatives of the destitute person. So far as the decision in *Richardson County v. Frederick* goes, we have no doubt of its correctness.

It is insisted that "if a son is not liable, under section 1 of the chapter on paupers, to support his insane mother, then it seems he is liable at common law," citing 1st Blackstone's Commentaries, 454. This liability does not exist at common law. Walker's American Law, section 109. Browne on Domestic Relations, 82. 2d Kent's Commentaries, 13th Ed., 208. Chase's Blackstone, 168. Schouler's Domestic Relations, section 265. *Edwards v. Davis*, 16 Johnson, 282.

As was decided in *Richardson County v. Frederick*, there is no provision in the act for the care and protection of insane persons, fixing the liability upon any person for the care and maintenance of insane persons, while in the hospital.

It may be contended that the allegations of the petition are, that defendants inheriting the property of their parents would create the relation of creditor and debtor, as between the county and defendants, growing out of the liability of the estate of the insane person, assuming that the estate of such insane person would be liable. The law for the settlement of the estates of decedents provides a method by which claims against estates may be established and their payment enforced. We know of no rule which would entitle a creditor to refrain from presenting a demand against an estate, and after waiting until the close of the administration and distribution of the property, maintain an action against the heirs and devisees. If the estate of Charles C. Smith, or of Elizabeth Smith, was liable for payment of the charges for the maintenance of Elizabeth Smith during her insanity, the proper time and place to have presented that demand was during administration, and in the court having jurisdiction to adjudicate and settle claims against estates.

The decision of the district court was correct, and its judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.