Blackhawk County, Appellant, v. George E. Scott and Mary Scott.

**Support of Insane Pauper:** LIABILITY FOR: *Husband and wife.* Code, section 2297, declares that public support of insane persons shall not release relatives liable therefor, and that those *legally bound for the support of the patient* shall be responsible to the county for sums paid by it for hospital expenses of such insane persons. Section 3165 declares that a wife shall be liable for family expenses. *Held,* that since a wife was not generally liable for her husband's support, and keeping her husband in an insane hospital was not a family expense, she was not liable to the county therefor.

*Appeal from Blackhawk District Court.*—Hon. F. C. Platt, Judge.

Saturday, April 14, 1900.

This is an action to recover the cost of support of defendant George E. Scott in the hospital for the insane at Independence, where for a time he was confined as a patient. The defendants are husband and wife. George E. Scott is without money or property, and it is sought to hold the wife for the expense of his keeping. The wife demurred to the petition. The demurrer was sustained, and plaintiff electing to stand on the pleadings, judgment was rendered against it for costs. It appeals.—*Affirmed.*

*S. B. Reed* for appellant.

*Lake & Harmon* for appellees.

WATERMAN, J.—The case, involving less than one hundred dollars, comes to us on a certificate of the trial judge. The time claimed for is from October 1, 1897, to April 1, 1898, and the question we have to determine is whether the wife is liable for such expense. We need not go into a history of the legislation on the subject of creating a liability over to the county for the cost of keeping at public expense a pauper insane patient who has relatives legally bound for his support, nor trace the changes that have been made from time to time in the statute; for we recognize that it is the purpose and intent, under section 2297 of the Code, to make the property of those liable for the support of a public insane patient responsible over to the county for hospital expenses. The provision of this section relating to the liability of relatives imposes it upon a class,—"those legally bound for the support" of the patient; and we have to determine in each instance whether the individual sought to be charged is a member of such class. Is the wife obligated by law for the support of her husband? If not, she is not within the class made liable. We do not think she is so bound. Certainly no such obligation rested upon her at common law, and the limit to which the statutes have gone in this direction is to charge her estate in his behalf for matters of family expense. We have held that treatment in a state hospital for the insane is not a part of such expense. *Delaware Co. v. McDonald,* 46 Iowa, 170. Nowhere in the statutes is the wife made liable for the support of her husband. Liberally as we have construed section 3165 in some individual instances, which imposes a liability for family expense, we are not inclined to say that she is made liable under it generally for her husband's maintenance and support. In so far only is the wife liable, as the matter of support is for the benefit of the family. In the *McDonald Case,*

cited above, we said: "The expenses of the treatment of an insane ·wife in a hospital for the insane provided by the state, it is contended, are a part of the family expense. But we are of the opinion that they cannot properly be so considered. The treatment, we think, is intended partly as a great charity towards the unfortunate subject, and partly as a protection and relief to society. The state reaches out its strong arm, and makes the insane its wards, regardless of the care which they may receive at home, or the wishes of those upon whom they are dependent for support." Maintaining the husband in an insane hospital is, then, a kind of support for which the wife is not responsible, under the only section which imposes upon her any liability for the husband's expenses. We speak of this to show that her liability for the support of her husband is not general, but is limited entirely to such matters as are of purely family benefit. *Fitzgerald v. McCarty,* 55 Iowa, 702. The policy of legislation which requires one, who has contributed in taxes to the support of the hospitals for the insane, to make full remuneration for care and treatment when calamity compels their use, is so doubtful in character that we do not care to aid it by construction, unless required by the manifest purpose and intent of the lawmakers. If it is the intent to subject the property of the wife to the payment of a claim of this kind, it should be clearly stated. —AFFIRMED.