KEARNEY COUNTY, APPELLANT, v. GEORGE W. ELSAM,
                        APPELLEE.

                  FILED APRIL 23, 1908.  No. 15,140.

Insane Persons: COMMITMENT: LIABILITY OF ESTATE.  Section 9637,
    Ann. St. 1903, does not authorize a county to recover from the
    estate of an insane person the costs and expenses paid by such
    county, incident to the examination of such person before the
    commissioners of insanity and to his commitment and transpor-
    tation to the hospital for the insane.

APPEAL from the district court for Kearney county:
ED L. ADAMS, JUDGE. *Affirmed.*

*C. P. Anderbery,* for appellant.

*M. D. King, contra.*

GOOD, C.

This action was brought by Kearney county against
George W. Elsam, insane, to recover the costs and ex-
penses paid by said county, incident to Elsam's examina-
tion before the commissioners of insanity and to his com-
mitment and transportation to the state hospital for the
insane. A general demurrer to the petition was sustained,
and, plaintiff electing to stand upon its petition, judg-
ment of dismissal was entered. Plaintiff has appealed.

But one question is presented for determination, viz.:
Is the estate of an insane person liable for the costs inci-
dent to his examination before the commissioners of in-
sanity and the costs of commitment and transportation
to the hospital for the insane? The precise question, so
far as we are aware, has not been previously before this
court. The items of costs sought to be recovered include
the fees of the commissioners of insanity, the sheriff and
the witnesses. All of these items are costs that are fixed
and provided for by the statute, which requires that they
shall be paid by the county. There is no provision in

the statute to authorize the taxing of the costs originally to the insane person, or to his estate. Costs were not taxable or recoverable at common law, and the only authority for taxing and recovering costs must be found in the statute. Appellant contends that section 9637, Ann. St. 1903, authorizes the recovery of the costs paid by the county from the estate of the insane person. That section is as follows: "The provisions herein made for the support of the insane at public charge, shall not be construed to release the estates of such persons, nor their relatives, from liability for their support, except from the cost of board, care, and treatment while in the hospitals of the state, which cost of board, care, and treatment shall be borne by the state; and the commissioners of the several counties are authorized and empowered to collect from the property of such patients, or from any person or persons legally bound for their support, any sum paid by the county in their behalf, as herein provided; and the certificate from the superintendent, and the notice from the auditor of state, stating the sums charged in such cases, shall be presumptive evidence of the correctness of the sum so stated. If the board of county commissioners, in the case of any insane person who has been supported at the expense of the county, shall deem it a hardship to compel the relatives of such patient to bear the burden of his or her support, they may relieve such relatives from any part or all of such burden as may seem to them reasonable and just."

In *Baldwin v. Douglas County*, 37 Neb. 283, this section of the statute was held to be unconstitutional, at least to the extent that it seeks to hold the relatives of insane persons liable for the support, care and maintenance of the insane persons while in the asylum. That action, however, was begun in 1889, and was tried and judgment rendered in the district court for Douglas county prior to the enactment of this section in its present form, though the opinion in the supreme court was written long after the passage of the act. This fact seems to

have been overlooked by the writer of the opinion in that case. That action was brought to recover for the support, maintenance and care of an inmate of the asylum. It will be observed that the section itself exempts the estate of the insane person and the relatives from the costs of board, care and treatment, which shall be borne by the state. It does not appear to the writer of this opinion that it was necessary to determine or consider the constitutionality of this section of the statute in that case. It appears that the section itself denied the very right to recover for the items sought to be recovered in that action, so that it was wholly unnecessary to declare this section unconstitutional in order to defeat a recovery. In addition, we may say that the reasoning which led to holding this section unconstitutional does not appeal to us as sound. Under the circumstances, we regard the opinion in the *Baldwin* case as of doubtful authority as a precedent to be followed. We have, therefore, disregarded the *Baldwin* opinion, and will proceed upon the assumption that the section is not unconstitutional in so far as it seeks to make the estates of insane persons liable for any sum paid by the county in their behalf.

This statute only authorizes the county commissioners to collect sums paid by the county in behalf of the insane person. Can the costs of his examination before the commissioners and of his commitment and transportation to the hospital for the insane properly be considered as expended in behalf of the insane person? It seems rather that the community is more interested in having the sanity of an individual determined than he is. If he be in fact insane, he is not responsible for his acts, and he may be a menace to the community and the lives of its citizens. The public is interested in having his mental status determined, and, if found insane, in having him restrained for the protection of the public. It follows that the costs expended are on behalf of the public, rather than on behalf of the individual. Again, the section provides that the certificate from the superintendent of the hospital

shall be presumptive evidence of the correctness of the sum. It is apparent that the superintendent of the hospital could have no personal knowledge of the expenditures and costs in the examination and commitment of the insane person. It is not presumed that the legislature intended to make the certificate of a person who could have no actual knowledge presumptive evidence of the amount of the expenditures. We think it is a fair interpretation of the statute that any sums paid by the county in behalf of the insane person, as provided in the section, means sums expended after the patient has been placed in the hospital, and while he is under the supervision of the superintendent of the hospital.

The conclusion reached herein is supported by the opinion of the supreme court of Iowa in the case of *In re Estate of Westlake v. Scott County,* 125 Ia. 314. In that case the supreme court of Iowa interpreted a statute which is almost identical with the section of our statute above quoted, and in a well-reasoned opinion held that it was not the intention of the statutory provision to render the estate of an insane person liable for the expenses incident to a legal investigation of the sanity of the person who is adjudged insane, nor the expenses of committing such person to the state hospital, nor the cost of transporting him thereto, in consequence of such commitment. We are forced to the conclusion that the estate of an insane person is not liable under this section for the costs incident to his examination on the question of his sanity and of his commitment and transportation to the hospital for the insane.

The judgment of the district court is right, and should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.