STATE OF NEBRASKA, APPELLEE, v. LEAH HEUPEL ET AL., APPELLANTS.

FILED SEPTEMBER 30, 1926. No. 25292.

1. **Statutes: CONSTRUCTION.** "Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain their meaning; a mere reading will suffice." *Stoppert v. Nierle*, 45 Neb. 105.

2. **Insane Persons: COST OF MAINTENANCE.** Where a patient is maintained in the state hospital for the insane, who possesses an estate or income sufficient to meet the expense of his care

and maintenance in said hospital without depriving of necessary support those, if any, dependent upon such patient, then the guardian of such patient may, by appropriate action, be required to pay to proper authorities an amount equal to the reasonable cost of his maintenance at such hospital, as provided by section 6928, Comp. St. 1922.

3. *Baldwin v. Douglas County*, 37 Neb. 283, overruled.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*C. A. Sorensen,* for appellants.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

EBERLY, J.

This is an action originally brought by the state of Nebraska in the county court of Lancaster county against Leah Heupel, incompetent, and Ira Birt, her guardian, to recover for the support and maintenance of said Leah Heupel in the state hospital for the insane at Lincoln, Nebraska, by virtue of section 6928, Comp. St. 1922, which reads as follows:

"If any patient be possessed of an estate or income sufficient to meet the expense of his care and maintenance in said hospital without depriving of necessary support those, if any, dependent upon such patient, then the guardian of such patient shall be required to pay to the superintendent of the hospital, quarterly. during the stay of such patient therein, a sum to be fixed by the board of commissioners of state institutions in an amount as nearly as may be equal to the *per capita* cost of maintaining such hospital, and said sums shall constitute a claim against the estate of such patient and be collectible therefrom."

The facts concerning which there is no dispute are these: Leah Heupel was adjudicated insane and committed to the state hospital at Lincoln, Nebraska, in February, 1918, and is still confined there. Her mother was confined in the

same institution for many years, but was recently released at the age of 50 years. She does not appear as dependent upon her daughter for support. The father of Leah Heupel died in April, 1921, and left his daughter, Leah, an estate of $4,100, the approximate gross income from which is $190 per annum. Out of this must be paid state and county taxes, fees for guardian, and upkeep of property. The state in this suit seeks to collect a fixed fee of $16.10 per month or $193.20 per annum for the maintenance of Leah Heupel.

It is not questioned but that the charges made are reasonable and just and are not simply an arbitrary exaction. Consequently the net income from the estate is not sufficient to pay this claim against it and a portion of the indebtedness will have to be paid out of the principal.

It was contended by defendant in the county court and also in the district court that, properly construed, the word "or" in the statute quoted should be construed as "and," which would limit the recovery of this state to the amount of the net income; also, that section 6928, Comp. St. 1922, is unconstitutional and void, for the reason that the amendatory act upon which the state relies contained more than one subject, which is in violation of the Constitution of the state of Nebraska; and that the amendatory act itself purported to amend an unconstitutional law, declared so by this court in *Baldwin v. Douglas County*, 37 Neb. 283.

From a determination on appeal of this cause to the district court favorable to the state, and the entry of a judgment against the defendant in the sum of $568.81 and costs, an appeal is prosecuted to this court, where the issues above outlined are again presented.

As to the defendant's contention that the words of the statute, "If any patient be possessed of an estate *or* income sufficient to meet the expense of his care, * * * then the guardian of such patient shall be required to pay," shall be construed as though reading, "If any patient be possessed of an estate *and* income sufficient to meet the expense of his care," it is to be observed that the language of this statute is plain and unambiguous. Its meaning is

not at all uncertain. It conflicts with no other act. While we have no quarrel with the principle of construction for which the defendant contends, the question here is whether the facts in the instant case are such as require its application. It would seem not.

It is to be remembered that in the construction of a statute the language employed in it should generally be given its plain, obvious import. *Simmerman v. State*, 14 Neb. 568. This rule has been stated in other words: "Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain their meaning; a mere reading will suffice." *Stoppert* v. *Nierle*, 45 Neb. 105. It would seem that the principle announced in the case last cited is controlling in the present case, and that the statutory provision in question, if otherwise valid, sustains the plaintiff's recovery.

So far as the amendatory act containing more than one subject is concerned, defendant's argument is fully answered in *State v. Badberg*, 108 Neb. 816.

The remaining contentions of the defendant herein are almost wholly based upon the doctrines announced by this court in *Baldwin v. Douglas County, supra,* and are due to a situation supposed to have been created by that opinion. It may be observed that this case is admittedly a pioneer case. It has never been accepted in any jurisdiction other than our own, and even this court has substantially repudiated its doctrines.

In *Kearney County v. Elsam*, 81 Neb. 490, the following language is employed by Good, C.: "In *Baldwin v. Douglas County*, 37 Neb. 283, this section of the statute was held to be unconstitutional, at least to the extent that it seeks to hold the relatives of insane persons liable for the support, care and maintenance of the insane persons while in the asylum. That action, however, was begun in 1889, and was tried and judgment rendered in the district court for Douglas county prior to the enactment of this section in its present form, though the opinion in the supreme court was written long after the passage of the act. This fact seems

State v. Heupel.

to have been overlooked by the writer of the opinion in that case. That action was brought to recover for the support, maintenance and care of an inmate of the asylum. It will be observed that the section itself exempts the estate of the insane person and the relatives from the costs of board, care and treatment, which shall be born by the state. It does not appear to the writer of this opinion that it was necessary to determine or consider the constitutionality of this section of the statute in that case. It appears that the section itself denied the very right to recover for the items sought to be recovered in that action, so that it was wholly unnecessary to declare this section unconstitutional in order to defeat a recovery. In addition, we may say that the reasoning which led to holding this section unconstitutional does not appeal to us as sound. Under the circumstances, we regard the opinion in the *Baldwin* case as of doubtful authority as a precedent to be followed. We have, therefore, disregarded the *Baldwin* opinion, and will proceed upon the assumption that the section is not unconstitutional in so far as it seeks to make the estates of insane persons liable for any sum paid by the county in their behalf."

The basic reasoning upon which the decision above referred to proceeds is that because the state may pay the expenses involved in the care and maintenance of an insane person, requiring the county to reimburse it, and the county, in turn, being permitted to look to the estate of an insane person for indemnity for the payment made, the taxation is triple, and wholly ignores the patent fact that the payments by the county and state are, in effect, but loans and advancements and do not constitute a real burden upon the estate under state and county taxes. In the final event the estate of the insane as taxpayer bears no larger burden than it would if it paid direct upon demand to the state. In other words, in the instant case, no greater sum is required to be paid by the insane estate than the amount of the judgment against it, whether this be paid direct or to the county itself for advances made. The conclusion therefore

is that the doctrine of the *Baldwin* case is logically unsound and forms an unjust impairment of legislative powers. This conclusion is at least implied in the result announced in the case of *State v. Stanton County*, 100 Neb. 747, where a recovery by state from county was directed.

"It being the policy of the state that the estates of lunatics shall be appropriated to their proper maintenance before they can be supported at public expense, the legislatures may, and often do, permit the public authorities to recover expenses incurred in support of an indigent insane person from him or his estate." 32 C. J. 687, sec. 374.

It may be noted that the only authorities cited to sustain the doctrine of *Baldwin v. Douglas County, supra,* are *Richardson County v. Frederick*, 24 Neb. 596, and *Richardson County v. Smith*, 25 Neb. 767, and *County of Delaware v. McDonald*, 46 Ia. 170. An examination of these authorities discloses that the Nebraska doctrine is based upon the supposition that "section 48" referred to in *Baldwin v. Douglas County, supra,* is identical in substance with section 1433 of the Iowa Code. The fact that section 1433 of the Iowa Code had been amended at the time of the Iowa decisions were rendered, and that later such amendment had been repealed, is entirely overlooked. Thus the opinion in the case of *County of Delaware v. McDonald, supra,* is in part as follows:

"Under the Code, sec. 1433, the defendant was clearly liable. It is there expressly provided that 'the auditors of the several counties * * * are authorized and empowered to collect from * * * any person legally bound for their support (the support of insane patients) any sums paid by the county in their behalf.' The husband is legally bound for the support of his wife, and under the provision he was liable for the expenses paid by the county in her treatment as an insane patient. But said section has been amended. By an act of the Fifteenth General Assembly, ch. 26, the words 'from any person legally bound for their support' were stricken out."

It, therefore, follows that the effect of the opinion in

State v. Heupel.

*County of Delaware v. McDonald, supra,* is only that, in the absence of legislation, the estate of the insane is under no implied obligation to pay for the maintenance of the insane party in the state hospital.   And this case therefore in no manner sustains the doctrine of *Baldwin v. Douglas County, supra.*   On the contrary, the case of *Wapello County v. Eikelberg,* 140 Ia. 736, which was decided after the amendment referred to in the case of *County of Delaware v. McDonald, supra,* had been repealed, and where the question at issue was whether a husband was liable to this state for the support of his wife at an insane asylum (the identical case presented in *Baldwin v. Douglas County, supra*), the supreme court of Iowa reached the opposite conclusion and held the husband liable.   In the opinion by Ladd, C. J., the following language appears:

"Such an obligation is not to be implied (*County of Delaware v. McDonald,* 46 Ia. 170), and exists, if at all, by virtue of section 2297 of the Code, which reads:   'The provisions herein made for the support of the insane at public charge shall not be construed to release the estates of such persons nor their relatives from liability for their support; and the auditors of the several counties, subject to the direction of the supervisors, are authorized and empowered to collect from the property of such patients, or from any person legally bound for their support, any sums paid by the county in their behalf, as herein provided; and the certificate from the superintendent, and the notice from the auditor of state, stating the sums charged in such cases, shall be presumptive evidence of the correctness of the sums so stated.   If the board of supervisors in the case of any insane patient who has been supported at the expense of the county shall deem it a hardship to compel the relatives of such patient to bear the burden of his support, or charge the estate therewith, they may relieve such relatives or estate from any part or all of such burden as may seem to them reasonable and just.'  *  *  *  That the husband is thus bound to support his wife is too well settled to require the citation of authority, but see *County of Delaware v. Mc-*

*Donald. supra; Heacock v. Heacock,* 108 Ia. 540; *Descelles v. Kadmus,* 8 Ia. 51; *Porter & Moir v. Briggs,* 38 Ia. 166; *Goodale v. Lawrence,* 88 N. Y. 513, 42 Am. Rep. 259."

It follows, therefore, that the conclusion reached by this court in *Baldwin v. Douglas County, supra,* is wholly unsupported by authority, based on reasoning which is unsatisfactory and constitutes an undue restriction upon the legislative powers vested in a coordinate branch of our government, and has practically been abandoned by this court. The doctrines announced in that case should be and are hereby rescinded and the case itself expressly overruled.

We have not overlooked the other questions presented by counsel for defendant in his brief. However, the foregoing substantially disposes of all contentions made by him.

The judgment of the district court is

AFFIRMED.