No. 9259.

POLICE JURY OF THE PARISH OF PLAQUEMINES VS. MRS. MARY MITCHELL ET AL.

The claim of a parish against a riparian owner in said parish, for the costs incurred by the police jury in making and repairing the public levee and the public roads on the owner's property, is not in the nature of a tax, toll or impost, or of a fine, forfeiture or penalty imposed by a municipal corporation, and if the amount of such claim is not equal in amount to the lower limit of our jurisdiction, the appeal cannot be sustained in this Court.

APPEAL from the Twenty-fourth District Court for the Parish of Plaquemines. *Livaudais*, J.

*James Wilkinson*, District Attorney and *R. T. Beauregard*, for Plaintiff and Appellee.

*J. S. Tully* and *C. S. Rice* for Defendants and Appellants.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. Defendants have taken this appeal from a judgment condemning them to pay to plaintiff the sum of $367 65 for labor performed and materials furnished by the parish in making and repairing the public levee and the public roads on the front of their plantation, situated on the Mississippi River in said parish.

The motion to dismiss is predicated on our want of jurisdiction *ratione materiæ*, and it must prevail.

In view of the amount involved, our jurisdiction would apply on the exclusive ground that, the claim involved the legality or constitutionality of a tax, toll or impost, or of a fine, forfeiture or penalty imposed by the parish.

It is apparent at a glance that, it is not a penalty, a fine or forfeiture imposed by a municipal corporation; it is equally clear that the question does not involve a toll or an impost.

In their answer, defendants urge that the claim is in the nature of a tax, and they intimate that it cannot be enforced under any other legal hypothesis.

It may be that the claim cannot be supported under or by virtue of any law, and that the parish was absolutely unauthorized to make the works or improvements at the cost of defendants. But the question which we must meet under the motion to dismiss, is to determine whether the claim is a tax. The very nature of the demand, which is for work and improvements made on defendants' property, excludes the idea that the proceeding is intended to enforce the collection of a tax. Our jurisprudence has long since settled the question, and the present Court has recently confirmed the doctrine, that contributions exacted by parishes or other municipal corporations, from owners of immovable property, for the construction of levees, public roads and for the opening of streets, and for like purposes, are not taxes, and that questions arising thereunder, could not be listed under constitutional or legislative provisions concerning taxation. Lafayette vs. Asylum, 4 Ann. 1; Yeatman vs. Crandall, 11 Ann. 220; city praying for opening of streets, 20 Ann. 499; Rooney vs. Brown, 21 Ann. 51; Board of Levee Commissioners vs. Lorio Bros., 33 Ann. 276; Barrow vs. Hepler, 34 Ann. 362.

The claim pressed in the case at bar, is not even a contribution exacted by the municipal corporation, but it is simply a moneyed demand growing out of an alleged legal obligation to do and to perform the works claimed for, and to compensate the parish for having performed the same.

This appeal is, therefore, dismissed at appellants' costs.