[No. 13417.   Department Two. — June 26, 1891.]

ROBERT WATT ET AL., AS DIRECTORS OF THE
STATE INSANE ASYLUM AT STOCKTON, APPELLANTS,
v. CHARLES S. SMITH, RESPONDENT.

ACTION — PARTIES — TRUSTEES OF EXPRESS TRUST — POWER OF DIRECTORS
OF INSANE ASYLUM — SUIT AGAINST HUSBAND OF INSANE PERSON. —
Under the statute of 1885 (pp. 32, 33), the directors of an insane asy-
lum are trustees of an express trust with reference to the moneys
collected or due for the support of insane persons from persons liable
to pay therefor, and have power as such trustees to maintain an action
for the recovery from such persons of the amount fixed by the directors
to be paid by paying patients.

APPEAL from a judgment of the Superior Court of
San Benito County.

The facts are stated in the opinion.

*William M. Fitzmaurice, Louttit, Woods & Levinsky,* and
*Montgomery & Scott,* for Appellants.

The asylum is under the management and control of
the board of directors. (Pol. Code, sec. 2254.)   When
a power is given by statute, everything necessary to make
it effectual or requisite to attain the end is implied.
(*State* v. *Poulterer,* 16 Cal. 515; Endlich on Interpreta-
tion of Statutes, sec. 418; Sedgwick on Statutory and
Constitutional Law, 92.)   When a public office is insti-
tuted by the legislature, an implied authority is conferred
on such officer to bring all suits as incident to his office
which the proper and faithful discharge of his official
duties requires.   (*Pittstown* v. *Plattsburgh,* 18 Johns. 407;
*Swezey* v. *Lott,* 21 N. Y. 481; 78 Am. Dec. 160; *Looney* v.
*Hughes,* 26 N. Y. 516; *Haynes* v. *Butler,* 30 Ark. 71;
Hawes on Parties, sec. 47; *Supervisors* v. *Stimson,* 4 Hill,
136.)   The directors of the state insane asylums are
public officers acting under the governor's appoint-
ment.   (Pol. Code, sec. 368.)   A party suing as a pub-
lic officer should sue in his own name, with the addition

of his name of office. (Pomeroy's Remedies and Remedial Rights, sec. 179, and cases cited; Hawes on Parties, sec. 47.)

*William Leviston,* and *N. C. Briggs,* for Respondent.

TEMPLE, C. — This appeal is from the judgment, and on the judgment roll.

The action is to recover from defendant, as husband of an inmate, the amount fixed by the directors to be paid by paying patients.

Judgment was entered for defendant on the ground that plaintiffs were not the real parties in interest, and had not legal capacity to sue; and this is the only question raised here.

All the facts necessary to enable the plaintiffs to recover, if they can sue in their own names, are found by the court. The defendant's wife was an indigent inmate duly committed to the asylum, and the board had by resolution, in due form, fixed the amount to be paid by paying patients.

The powers of the board are defined by section 2137 of the Political Code, but neither in that nor in any other statute existing at the time this suit was commenced is the board expressly authorized to sue; such authority was given them by act of March, 1889, passed after this suit was commenced.

The duties of the board with reference to such moneys are defined by the Statutes of 1885, pages 32, 33. It is provided, in case an insane person is able to pay actual charges and expenses, a guardian may be appointed whose duty it shall be to pay such expenses to the board; and " if indigent insane persons have kindred of degree of husband or wife, father, mother, or children, living within this state, of sufficient ability, who are otherwise liable, said kindred shall support such indigent insane person to the extent prescribed for paying patients." And further, " All moneys belonging to the state re-

ceived by the board of trustees, other than that appropriated by the state, shall be kept by said trustees in a separate fund, to be known as a contingent fund, and the same shall, by the said trustees, be expended at such times and in such manner as to the said board appears for the best interest of said asylum, and for the improvement thereof and of the grounds and buildings therewith connected. A full, strict, and itemized account of all such receipts and expenditures shall be included in the biennial report of said board of trustees."

It appears from the code that all the expenses of the asylum are paid from the money appropriated by the state; and we have not found any source from which moneys belonging to the state can come into their possession except these funds, received by them in payment for inmates as provided in this act. At all events, these constitute a portion of this contingent fund, which the board is authorized to receive and to expend, and which impliedly it is made their duty to collect.

The obligation is fixed and certain upon the defendant to pay. Independently of the statute, he is liable for the support of his wife. The statute makes it his duty to pay the directors for such support. It is a debt due from him to the directors, as trustees of the asylum.

Authorities may be found to the effect that all public officers have an implied power to take all legal measures in their official character which may be requisite to enable them to execute the trust or discharge the duty imposed upon them by law, where there is no statute prescribing the means by which such trust shall be executed. And, therefore, if to accomplish their official duty or to discharge their trust it is necessary to sue, power to do so is implied. (*Cornell* v. *Town of Guilford*, 1 Denio, 510, and authorities cited.)

This seems a rational conclusion, and logically follows from the fact of the trust or duty imposed, which can be performed in no other way.

The difficulty arises from our code, which requires all suits to be brought in the name of the real party in interest, except (Code Civ. Proc., sec. 369) an executor, administrator, trustee of an express trust, or one specially authorized by statute to sue.

This last clause, it must be confessed, raises a presumption against the authority of any officer to sue, unless specially authorized by statute, and we accordingly find, wherever similar code provisions have been adopted, care is generally taken to authorize suits where it may be necessary. If the plaintiffs have capacity to sue, it must be on the ground that they are trustees of an express trust.

And we see no reason why they are not such. The moneys are never to go to the state treasury. So long as the law is unchanged, the state can exercise no control over the funds, except to compel a faithful execution of the trust. The fund really belongs to the board as trustees, and the terms of their trust and their duties are plainly declared. Among these duties is that of collecting the money which shall constitute the fund, and there is no procedure prescribed.

Under such circumstances, we think it a part of plaintiffs' duties to collect, by suit if necessary, and as trustees of an express trust they may do so.

It follows that the judgment should be reversed, and judgment entered for plaintiffs, on the findings, for the sum demanded in the complaint.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the court below is directed to enter judgment for the plaintiffs, on the findings, for the sum demanded in their complaint.