121   697
156   401

SIMONS *v.* VAN BENTHUYSEN.

INSANE PERSONS—INDIGENCY—AFTER-ACQUIRED PROPERTY—EX-
PENSE OF MAINTENANCE — ACTION TO RECOVER — JURISDICTION.
The circuit court has jurisdiction to render judgment against
one committed to an asylum as an indigent insane person for
the amount expended by the county for her maintenance,
where, after commitment, she comes into possession of prop-
erty sufficient to reimburse the county.

Error to Calhoun; Smith, J.   Submitted October 25,
1899.   Decided November 14, 1899.

*Assumpsit* by William S. Simons, James K. O'Hara,
and Augustus O. Hyde, superintendents of the poor for
Calhoun county, against Merilla Van Benthuysen, an
insane person, to recover moneys paid for her maintenance
in an asylum as a county charge.   From a judgment for
defendant, plaintiffs bring error.   Reversed.

This case was tried before the court without a jury, and
the following finding was made:

"FACTS.

"1. The defendant, Merilla Van Benthuysen, is an in-
sane person, committed to the asylum for the insane, Kala-
mazoo, Michigan, by an order of the judge of probate for
Calhoun county, on the 18th day of September, 1895, as
an indigent, and at the expense of Calhoun county.

"2. The order of the said judge of probate as to her
commitment and indigency still remains of force, and not
set aside and held for naught.

"3. Thomas Shipp, of Eckford, is the general guardian
of the defendant, appointed by the probate court of Cal-
houn county, and is also her guardian *ad litem* in this
suit.

"4. At the time of the commitment of the defendant in
this case to the asylum, she was a married woman.   Her
husband and herself owned jointly, as husband and wife,

20 acres of land in Eckford, Calhoun county, which is of the value of about $700.   Her husband died July 16, 1897, and, as his survivor, she became the owner of the said 20 acres.

"5. The superintendents of the poor of Calhoun county, in the years 1895, 1896, 1897, expended the sum of $323.29 for the support and maintenance of the said defendant at the asylum of insane at Kalamazoo, Michigan, and none of the said $323.29 has ever been paid to the superintendents of the poor of Calhoun county, or to Calhoun county.

"6. That defendant has no children, and no one dependent upon her.

"7. This suit was commenced by declaration on the 20th day of February, 1899.

"LAW.

"The court has no jurisdiction of the cause.   The probate court has exclusive jurisdiction to pass upon the claim."

*Jesse M. Hatch*, Prosecuting Attorney, for appellants.

*Herbert E. Winsor*, for appellee.

GRANT, C. J. (*after stating the facts*).   The sole question presented is whether the superintendents of the poor can maintain a suit at law in the circuit court to recover the amount paid by the county for the support of indigent insane persons, or whether the probate court has exclusive jurisdiction over such claims.   We find no decision deciding the question.   That plaintiffs might have presented a claim in the probate court is conceded.   This was the course pursued in *State* v. *Dunbar*, 99 Mich. 99. Plaintiffs insist that the circuit court, being a court of general jurisdiction, has cognizance of such claims, and that they have a right to obtain a judgment to prevent the running of the statute of limitations.   The statute (3 How. Stat. § 1930*d*1) makes every insane person supported in the asylum personally liable for his maintenance therein; and when he has come into possession of property sufficient to reimburse the county or the State, and to maintain him thereafter in the asylum, such estate or the income thereof

must be applied to his support. There is no express provision of the statute conferring exclusive jurisdiction upon the probate court. Certainly the income from this land should be applied either in payment of the expenses incurred by the county before she came into possession of the estate, or to her support thereafter, or to both. Had she died before suit brought, the claim would be a valid one against her estate, to be presented and proved in the probate court.

The question whether she is still indigent, in whole or in part, is not before us. An indigent insane person may have an estate in expectancy, into the possession of which she may not come for many years. There may be no general guardian, and no estate *in præsenti* to be controlled and managed. It is urged that the courts should not permit this land to be sold, and thus leave the defendant without any means of support in case she should be restored to reason. That question is not before us. What method should be taken to enforce the judgment, we need not now determine. We think the circuit court had jurisdiction, and should have rendered judgment for the plaintiffs.

Judgment reversed, and entered in this court for the plaintiffs, with costs of both courts.

The other Justices concurred.