[L. A. No. 1041.   Department Two. — November 22, 1901.]

In the Matter of the Estate of JUAN YTURBURRU, an Insane Person.

INSANE PERSON — LIABILITY FOR NECESSARIES AT STATE HOSPITAL — ORDER FOR PAYMENTS BY GUARDIAN. — An insane person is liable for the reasonable value of necessaries furnished for his support at the state hospital, as required by the law of the state; and where his ·estate is sufficient for his support, an order may be made by the superior court requiring the guardian to make payments for his care and support at the state hospital.

ID. — CONSTITUTIONALITY OF STATUTE — GENERAL LAW — TAXATION. — SUPPORT OF HOSPITAL. — The law requiring that patients at the hospitals for the insane shall be there supported out of their own estates is wise and reasonable, and does not violate the constitution. The law is general, and is based upon a proper classification. It does not impose double taxation, or any taxation; and the money ordered paid goes to the support of the hospital, only because the patient is there supported.

APPEAL from an order of the Superior Court of Los Angeles County directing payment to the southern California state hospital, by the guardian of an insane ward. Lucien Shaw, Judge.

The facts are stated in the opinion.

. H. H. Appel, and Walter J. Horgan, for Appellant.

Tirey L. Ford, Attorney-General, and George L. Hughes, for Respondent.

GRAY, C. — This is an appeal from an order of the superior court directing the guardian of the above-named insane person to pay certain amounts to the southern California state hospital for the care and support of his ward at that institution, where he is detained under a commitment as an insane person. ' The only point urged by the guardian for a reversal of the order is to the effect that the law making the guardian of the estate of an insane person, where the latter's estate is sufficient, responsible for his maintenance at a state hospital for the insane is unconstitutional. But this contention cannot be upheld.

An insane person is liable for the reasonable value of things furnished to him, necessary for his support. (Civ. Code, sec. 38.) This was so at common law, where the necessaries were furnished by an individual, and we have never seen a case, and do not think any can be found, holding that this rule comes in conflict with any provision of the constitution of this state or of any other state of the Union. We see no reason why the same rule should not apply to a state hospital for the insane, which does and furnishes for the insane person only those things required by the law of the state. Certainly, those things which are required by law to be done and furnished for an insane person may safely be classed as necessaries.  ·

The contention of appellant based on the theory that these hospitals are charitable and eleemosynary institutions, and should not be converted into boarding-houses, finds a ready answer. It is as necessary to have institutions for the restraint of the insane, whether they be rich or poor, as it is to have prisons and almshouses; and these institutions for the insane are charitable only so far as the legislature makes them so. There is nothing in the constitution inhibiting laws extending

charity to people in need of it; but it is not necessary to extend charity to those who are able to support themselves; indeed, it would be unreasonable to do so.

A law in effect requiring that patients at the hospitals for the insane shall be there supported out of their own estates is wise and reasonable, and does not come within any inhibition of the constitution against class legislation. The law, on the contrary, is general in its application, and recognizes no classification except such as in the very nature of things necessarily exists, and cannot be disregarded. We presume that every state in the Union has its "poor laws," under which the poor and needy, whether they are decrepit, sick, or insane, find protection and support. Of course, those having means for their own support are not admitted to the benefits of these laws. The distinction between the helpless and those able to help themselves is a natural one, and, so far as we are informed, pervades the laws of all civilized countries.

It is not double taxation, nor taxation at all, to require a man to be supported out of his own estate. The money ordered paid herein is for the maintenance of the patient. It goes to the support of the hospital, only because of the presence of the patient therein.

As supporting the foregoing views we cite *McNairy County* v. *McCoin*, 101 Tenn. 74; *Simons* v. *Van Benthuysen*, 121 Mich. 697; *Goodale* v. *Lawrence*, 88 N. Y. 513,[1] and cases therein cited; *Watt* v. *Smith*, 89 Cal. 602. In the last case it was held that a husband was liable for the support of his indigent wife while an inmate of the insane asylum; and on the same principle the inmate's estate would be liable. The cases cited by appellant holding to a contrary view as to the liability of the husband are in conflict with the California case cited, and are not to be regarded as authority in this state.

We advise that the order be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.                              Henshaw, J., McFarland, J.

TEMPLE, J., concurring.—I concur. The appellant seems to think that since he was forcibly and against his will de-

---

[1] 42 Am. Rep. 259.

prived of his liberty and confined in a state institution, the law will not imply a promise on his part to pay for such maintenance. Nor has he been convicted of any offense which might authorize the collection of the sum as costs, by way of a penalty. It is averred that he has an estate, and under such circumstances the law provides for a guardian, if he is incompetent, who shall provide for him proper care, with such degree of freedom as is compatible with his condition. Under such circumstances, it is argued, he cannot be imprisoned and deprived of such medical aid as his guardian and friends could furnish, and then be made to pay for the restraint.

But the insane have always been regarded as subject to control on the part of the state, both for their protection and for the protection of others. When the state finds it necessary to keep them in its hospitals, I see no reason why a charge may not be made for their support. If they have a right to free support because paupers have, to make the law operate alike upon all, it would seem that the balance of the community would be equally entitled.