### BON HOMME COUNTY v. BERNDT *et al.*

1.  Where new matter in an answer presents several defenses, but is so connected that it would be difficult to set them out as separate defenses, and defendant makes no attempt so to do, a demurrer on the ground that the new matter alleged does not constitute a defense is sufficient, under Comp. Laws, § 4918, authorizing the plaintiff to demur to an answer containing new matter which does not constitute a counterclaim or defense.

2.  Laws 1895, Chap. 98, § 1, making the expenses incurred by a county in caring for an insane person at the state hospital a charge against his estate when he has no heirs in the United States dependent on his estate for support, is uniform, and not unconstitutional, though the property of the patient has been taxed to help support the insane hospital.

3.  Laws 1891, Chap. 79, requiring counties to levy a tax sufficient to repay the state the expenses of their insane patients in the state hospital, is not unconstitutional, as providing for double taxation, though the state hospital is a state institution, and the constitution imposes on the state the duty of levying taxes for the support of all its institutions, as the money levied by the state and expended is replaced by the money received from the counties.

4.  A statute will not be held unconstitutional unless its conflict with the constitution is shown beyond all reasonable doubt.

(Opinion filed April 1, 1902.)

Appeal from circuit court, Bon Homme county. HON. E. G. SMITH, Judge.

Action by Bon Homme county, South Dakota, against Friedrich Berndt and another. From a judgment for the plaintiff, the defendants appeal. Affirmed.

*Elliott & Stilwill* and *French & Orvis,* for appellants.

*Andrew G. Lehr* and *W. T. Williams,* for respondent.

Corson, J. This case was before this court at a former term on an appeal from an order sustaining a demurrer to the complaint, and is reported in 13 S. D. 309, 83 N. W. 333, 50 L. R. A. 351. The decision of the trial court having been reversed, an answer was subsequently filed by the defendants, and the case is now before us on an appeal from an order sustaining a demurrer to the answer. The facts are quite fully stated in the court's former opinion, and need not be repeated here. The answer of the defendants, after making certain denials and admissions, alleges, in substance, that the insane hospital mentioned in the complaint is one of the charitable institutions of the state, and is under the control of the state board of charities; that since the adoption of the constitution of this state an appropriation has been regularly made by each legislature of the state, and an insane tax has been regularly levied by the state board, pursuant to statute, for the support of the said insane hospital, which tax has been levied upon the property of the defendant Berndt, in common with other property, and annually paid in the same manner as other state taxes; that said taxes were levied and collected annually, and have been actually paid out upon warrants drawn upon the state treasurer for the maintenance of said hospital; that pursuant to the provisions of chapter 79, Laws 1891, the board of charities of this state has fixed the sum to be paid per month for the care of patients in the said hospital, and the superintendent of said hospital has certified to the state auditor the amount not previously certified to him as due under the law, and the said

state auditor has thereupon passed the same to the credit of the hospital for the insane, and the county of Bon Homme has also levied and collected the tax provided for, annually, and paid the same over to the state treasurer; that the amount levied and collected upon .property by the board of county commissioners of Bon Homme county pursuant to the provisions of said act constitutes double taxation for one and the same purpose, and said tax has been paid annually upon the property of the said Berndt, in common with other property in said county and state; that defendant Berndt, together with other taxpayers, has already twice met the taxation for the support of the insane of the state of South Dakota; and that the law of 1895, under which this action is brought, seeking again to compel him to contribute to the same end because of his insanity, is unconstitutional and void.

Objection is taken to the form of the demurrer interposed in this case, which will be first noticed. The demurrer is substantially as follows: "Now comes the state's attorney, and, passing paragraphs 1, 2, and 3 of the answer, demurs to the new matter contained in the remaining paragraphs of said answer, and, for the ground of the demurrer, alleges that it appears upon the face of the answer that such new matter therein contained does not constitute a defense to the  plaintiff's cause of action set out in its complaint." Section 4918, Comp. Laws, provides that the plaintiff may in all cases demur to an answer containing new matter, where upon its face it does not constitute a counterclaim or defense; and the plaintiff may demur to one or more of such defenses or counterclaims, and reply to the residue of the counterclaims. While the demurrer in this case is not strictly formal, we think it is sufficient to raise an issue of law as to the new matter alleged in the answer. This new matter, as we have seen, presents a number of defenses,

but yet so connected that it would be somewhat difficult to set them out as separate defenses, and the defendants have failed to so distinguish them. We are of the opinion, therefore, that the court properly overruled the defendants'-objection to the hearing of this demurrer.

As will be noticed, the defense or defenses set out in the answer are, in effect: First, that the law of 1891, providing that counties shall defray the expenses of their insane at the state insane hospital is unconstitutional and void, for the reason that such hospital is a state institution, and should be, and is, supported at the expense of the state, and that the state has in fact levied taxes each year for its support; and, second, that the law of 1895 is unconstitutional and void for the reason that the defendant Berndt, as a taxpayer of Bon Homme county, has not only paid the state tax levied for the support of the insane patients sent from Bon Homme county, but the county taxes levied for that purpose, also and that he cannot, therefore, be required to pay any further taxes by the county, which it is seeking by this action to compel him to pay, because he comes within the class of insane persons who have property, and have no heirs depending upon them for support within the United States. It is contended on the part of the respondent that the constitutionality of the act of 1895 was settled by the former decision of this court in this case, and that decision is the law of the case, and that question is not open for further consideration. But this is not strictly correct. The answer presents some new facts not stated in the complaint, and it therefore would be proper for this court to review its former decision upon the constitutionality of the law in the light of the facts pleaded in the answer. But upon a further examination of these questions we still adhere to our former view that the act of 1895, requiring the estates of insane patients who

have no heirs within the United States depending upon said estates for support to reimburse the county for money it may have expended for the care of such insane persons, is within the legislative power, and does not conflict with the provisions of the constitution. A similar provision seems to have been assumed by the supreme court of Iowa to be a proper exercise of the legislative power. Cedar Co. v. Sager, 90 Iowa, 11, 57 N. W. 634. A similar provision in the statute of Nebraska was formerly held to be a proper exercise of the legislative power. State v. Douglas Co., 18 Neb. 601, 26 N. W. 378. In that case it is said: "It is very properly provided by section 48, Comp. St., that the estates and relatives of insane persons, when able to do so, shall reimburse the county for the money paid; thereby making the counties the losers only to the extent of the money paid out for those who are unable to support themselves." Much reliance is placed by the appellants upon the latter decision of the supreme court of Nebraska, of Baldwin v. Douglas Co., 37 Neb. 282, 55 N. W. 875, 20 L. R. A. 850, in which that learned court seems to have arrived at a different conclusion. But after careful examination of that case, we are unable to agree with the conclusion arrived at. Certainly the constitution nowhere inhibits such legislation, and we know of no provision of the constitution that impliedly inhibits the same; and, as said in our former opinion, it seems just and proper that a single man, having no heirs within the United States depending upon him or his estate for support, should be required to reimburse the county for the expenses incurred for his support as an insane patient. The state is under no legal obligation to support insane patients; hence in making provisions for such support the legislature may adopt any system that it may deem wise and proper. The fact that the property of such insane person has contributed its quota to the expense of sustaining

such an institution, both on the part of the state and the county, is no more than all other parties having property are required to contribute, though they in fact receive no benefit from the institution. How, then, can it properly be claimed that one who is an inmate of that institution, and has received the benefit of its care and medical treatment, should not be required to reimburse the county for the money expended for such care? The law is uniform, and applies to all parties who are alike situated, and, in our opinion, is unobjectionable in any constitutional view.

The more important question to be considered is as to the constitutionality of the act of 1891 requiring counties to levy a tax sufficient to repay the state the expenses of the insane patients from those counties. It is contended on the part of the appellants that as the insane asylum is a state institution, and the constitution provides that taxes shall be levied for the support of all state institutions, the duty is thereby imposed upon the state to levy taxes sufficient to support such institutions, and that in fact it has done so, and that imposing further taxation upon the county to pay the expenses of the insane sent by them to the asylum constitutes double taxation. But while it is true that the insane asylum is a state institution, it is nowhere provided that the state may not require the amount expended for the support of such an institution to be refunded to it by the counties. The contention that such proceedings constitute double taxation is more specious than real. Assuming that the state does in the first instance provide for its support by the levy of such taxes, the taxes so levied and expended are replaced in the treasury by the money collected from the various counties, so that the state treasury is reimbursed for the amount it has expended, and the money is in fact returned to the taxpayer, by being replaced in the state treasury. In State v. Douglas Co.,

*supra,* the supreme court of Nebraska uses the following language: "While it is true that the hospital for the insane is, as argued by the respondents, a state institution, yet, as we have seen, the maintenance of the insane is not necessarily a state burden, and therefor it is within the power of the legislature to require that the tax may be levied and collected by each county for the purpose of reimbursing the state; and we think it is also within the power of the legislature to require the tax so levied to be placed with other taxes going to the state, in order that it may be withdrawn from the control of the county officers, and set apart, at the outset, to the use for which it is levied. This being true, the requirement of uniformity is not violated, as the tax is uniform throughout the taxing district in which it is levied. This is all that is required." It is true that in that case there was a dissenting opinion by Maxwell, C. J., but we are better satisfied with the reasoning of the majority of the court. There is nothing in express terms in the constitution inhibiting the legislature from enacting the law of 1891, and we find no provision in that instrument that is inconsistent with that law. It is hardly necessary to state—what has been so often stated—that a party claiming an act of the legislature to be in contravention of the constitution must be able to point out the specific provisions of the constitution, either expressly, or clearly implied from what is expressed, which the act violates. In other words, the courts will never declare the statute invalid unless its invalidity is, in their judgment, placed beyond reasonable doubt. This doctrine is so familiar that no citations of authority are necessary.

Without further extending this opinion, our conclusions are that the circuit court was clearly right in sustaining the demurrer to the defendant's answer, and the order of that court appealed from is affirmed.