GUTHRIE COUNTY v. HENRY CONRAD, Appellant.

**Insane persons:** LIABILITY OF PARENTS FOR SUPPORT. Under the provisions of Code section 2297, a father is liable to the county for the care and support of his minor son at the hospital for the insane.

**Same:** CONSTITUTIONAL LAW. Code section 2297, does not impose a tax but simply creates a liability on the part of relatives for the care of their insane when away from home, and is not therefore violative of the constitution because failing to state the tax and the object to which it is to be applied; nor because imposing double taxation; nor is it subject to the objection that private property is thereby taken without just compensation.

**Same:** DUE PROCESS OF LAW. The question of insanity may be litigated in an action to recover of a relative the expense of caring for an insane person at a hospital under Code section, 2297, and the statute is not therefore unconstitutional because taking property without due process of law.

**Care of insane:** LIABILITY FOR SUPPORT. The fact that an insane person is placed in the hospital without the consent of those liable for his support will not relieve them of that duty.

*Appeal from Guthrie District Court.*— HON. EDMUND NICH-OLS, Judge.

WEDNESDAY, FEBRUARY 6, 1907.

SUIT at law to recover for the care of the defendant's insane minor son. Judgment for the plaintiff, from which the defendant appeals.— *Affirmed.*

*Weeks & Hughes,* for appellant.

*W. F. Moore* and *Milligan & Moore,* for appellee.

SHERWIN, J.— The defendant is a resident of Guthrie county, and the head of a family living therein. He is the father of John Conrad, who, on the 8th day of May, 1903, was duly adjudged insane and committed to the hospital at Clarinda. John Conrad was a minor at the time he was adjudged insane, and when he was sent to the hospital, and this suit was brought by the county to recover the expense of his care in the hospital during his minority.

The appellant contends that he is not liable for the care and maintenance in a hospital of his minor son, either under the common law, or by virtue of any statute or law of the State; that section 2297 of the Code is uncon-

1. INSANE PERSONS: liability of parent for support.

stitutional and void, because in conflict with article 7, section 7, of the Constitution of this State, in that it imposes a tax and does not distinctly state the tax and the object to which it is to be applied; that section 2297 contravenes article 1, section 18, of the Constitution of the State, because it is an attempt to take the appellant's property for a public use without just compensation therefor; that the same section is in contravention of article 1, section 9, of the Constitution, in that it is an attempt to take property without due process of law, and further, because it attempts to impose double taxation on the relatives of an insane person confined in a State hospital.

It is further contended that the appellant is not liable, for the reason that his son was forcibly taken from his care and custody, and was thereby emancipated. It is also claimed that this suit was not authorized by the board of supervisors of the county. It is conceded that there is no liability in this case unless it is imposed by section 2297 of the Code. The section is in the following language:

The provisions herein made for the support of the insane at public charge shall not be construed to release the estates of such persons nor their relations from liability for their

support; and the auditors of the several counties subject to the direction of the board of supervisors, are authorized and empowered to collect from the property of such patients, or from any person legally bound for their support, any sums paid by the county in their behalf, as herein provided; and the certificate from the superintendent, and the notice from the auditor of State, stating the sums charged in such cases, shall be presumptive evidence of the correctness of the sums so stated. If the board of supervisors in the case of any insane patient who has been supported at the expense of the county shall deem it a hardship to compel the relatives of such patient to bear the burden of his support, or charge the estate therewith, they may relieve such relations or estate from any part or all of such burden as may seem to them reasonable and just. The estates of insane or idiotic persons who may be treated or confined in any county asylum or poor-house, and the estates of persons legally bound for their support, shall be liable to the county for the reasonable expense, or so much thereof as may be determined by the board of supervisors.

In our judgment, there can be no serious doubt as to the liability created by this statute. It provides, first, that the provisions made in the chapter, of which it is a part, for the support of the insane at public charge, shall not be construed to release the estate of such person nor their relatives from liability for their support, and it then says that the auditors of the several counties, " subject to the direction of the board of supervisors, are authorized and empowered to collect from the property of such patients, or from any person legally bound for their support, any sums paid by the county in their behalf," as provided in the chapter. The auditor and the board of supervisors clearly act for the county in any proceeding under this section to recover money paid out by the county in behalf of its insane, and the power to thus collect such sum unmistakably fixes the liability of persons legally bound for their support. Any other construction of the statute would require an utter disregard of the meaning of unequivocal language. Nor can we agree

with the appellant that the statute creates a liability against those only who are already legally bound for the support of insane persons. If his contention were to be given force, the section, in so far as it relates to this matter, would be rendered entirely meaningless. When liability already exists, it is unnecessary to legislate on the subject, and to do so would be an idle act. Furthermore, the section has already been practically construed in accordance with the view here expressed. See *Monroe County v. Teller,* 51 Iowa, 670; *Westlake's Estate v. Scott County,* 125 Iowa, 314; *Jones County v. Norton,* 91 Iowa, 680. It is the settled rule in this State that a parent is bound for the care and maintenance of his minor child. *Dawson v. Dawson,* 12 Iowa, 512; *Johnson v. Barnes,* 69 Iowa, 641; *Porter v. Powell,* 79 Iowa, 151.

Section 7 of article 7 of the Constitution provides, " that every law which imposes, continues, or revives a tax, shall distinctly state the tax, and the object to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object." If the section of the Code under consideration imposes a tax within the meaning of the Constitution, there is much force in the appellant's contention that it is in violation of the section of the Constitution quoted above. But we are clearly of the opinion that no tax is imposed thereby, and that the section does no more than to create a debt or liability for the care of an insane person away from home. The primary liability rests on the county, and the statute simply provides that it shall be reimbursed the sum paid on account thereof by the person who would be bound for the support of the patient if he were not in the insane hospital. " Taxes are the enforced proportional contributions from persons and property, levied by the State by virtue of its sovereignty for the support of government and for all public needs." 1 Cooley on Taxation, 1, and cases cited in note 1; *Hanson v. Vernon,* 27

2. SAME: constitutional law.

Iowa, 28.   In the exercise of the power to tax, the purpose always is that a common burden shall be sustained by common contributions, and this should be borne in mind in determining whether the liability created by the statute under consideration is in any just sense of the word a tax.   The amount which may be collected for care in the hospital is fixed by statute, and must be presumed to be the just and reasonable cost to the State of caring for such person.   It is not, therefore a common contribution made for the purpose of sustaining a burden which should be shared by all, but it is a payment for services actually rendered, and is not a tax. *Police Jury v. Mitchell,* 37 La. Ann. 44; *Packet Co. v. Keokuk,* 95 U. S. 80 (24 L. Ed. 377); *Huse v. Glover,* 119 U. S. 543 (7 Sup. Ct. 313); 30 L. Ed. 487; 1 Cooley on Taxation, 5.

The law requires the parent to support his minor child, and whenever public policy or the welfare of the child demands that it be cared for in a hospital for the unfortunate, compensation therefor may undoubtedly be required, not as a proportionate share in the burdens of government, but because of the special relationship.   It is a matter of general knowledge that State hospitals care for and treat a great many patients who have no property, and for whose support no one else is liable.   This necessitates a general tax for the support of such institutions, and the mere fact that the defendant has contributed his proportionate share of the amount required to meet such expense does not necessarily render section 2297 open to the charge that it imposes a tax.   In support of his contention in this and other branches of the case, the appellant cites and greatly relies on *Baldwin v. Douglas County,* 37 Neb. 283 (55 N. W. 875, 20 L. R. A. 850), a Nebraska case.   As we read that case, however, it is not an authority for the appellant's claim.   The statute of Nebraska, under which claim was there made, was very similar to section 2297, except in the most vital part.   Section 48, chapter 40, Comp. St.

Neb. 1903, was the statute on which that action was based, and it specially excepted the insane person's estate and relatives from liability for the cost of board, care, and treatment while in the hospitals of the State, and provided that the cost thereof should be borne by the State. This cost was borne by the counties proportionately, and, under an apparently inconsistent provision in the same section authorizing the commissioners of the several counties to collect from the property of the patient, or from any person bound for his support, any sum paid by the county in his behalf, that action was instituted to collect the sum from the husband of an insane patient. It was held that he had already been twice taxed for the identical charge. Such is not this case.

Our conclusion on the proposition just discussed necessarily disposes of the appellant's claim that section 2297 imposes double taxation on a certain class, and also of the contention that private property may be taken thereunder for a public use without just compensation therefor. *Blackhawk County v. Scott*, 111 Iowa, 190; *Delaware County v. McDonald*, 46 Iowa, 171.

Nor do we think there is merit in the claim that the statute takes property or creates a liability without due process of law. A person sought to be charged under this statute is not compelled to pay until he has

3. SAME: due process of law. had his day in court, as the appellant has had in this very action. While it is true that an adjudication by the commissioners of insanity raises a presumption of insanity in this case (*Tiffany v. Tiffany*, 84 Iowa, 122; *Ockendon v. Barnes*, 43 Iowa, 615), we think there can be no doubt of the appellant's right to raise and litigate an issue as to the insanity of his son in this action, and, by doing so, every right to which he was or is entitled, could be fully protected. He made no question as to insanity, and hence cannot now complain because of the action of the commissioners without notice to him. When a prop-

erty right, or the liability of a person, is determined by judicial proceedings after due notice, in accordance with the general law, there has been due process of law under all of the authorities.   *Mason v. Messenger and May,* 17 Iowa, 261; *Davidson v. New Orleans,* 96 U. S. 101 (24 L. Ed. 616).

The appellant further contends that his son was taken from him and detained in the hospital without his consent; that he was thereby emancipated, and he was relieved from liability for his support on account thereof. There is nothing in the proposition. Admitting that the son was placed in the asylum without the consent of the appellant, it must still be presumed that the act was for the best interest of the public and of the son, and such interests furnish full justification for the act.   The welfare of the general public is paramount to the interest of the individual, and we have repeatedly held that the interests of a minor child are controlling whenever the question of custody is involved.   A parent may lawfully be deprived of the custody of his minor child, and still be liable for its support.   Emancipation means the voluntary freeing of the child so that he may manage and control his own time and affairs.   *Everett v. Sherfey,* 1 Iowa, 356; *Cooper v. McNamara,* 92 Iowa, 243.   And it is manifest that incarceration in an asylum for the insane is not an emancipation under the law.

*4. CARE OF INSANE: liability for support.*

We find no reason for disturbing the judgment of the district court and it is therefore *affirmed.*