STATE OF INDIANA *v.* TROXLER ET AL.

[No. 24,850. Filed November 18, 1930.]

*Arthur L. Gilliom*, Attorney-General, and *Dale F. Stansbury*, for appellant.

*Bomar Traylor*, for appellees.

GEMMILL, J.—This action was brought by the appellant against the appellees to recover the sum of $357.14, being the amount fixed by the board of trustees of the Indiana Farm Colony for Feeble-minded for the support of a son of the appellees who was an inmate of said institution, at the rate of $4 per week.

A separate demurrer to the complaint was filed by each defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrers, to which rulings, the plaintiff excepted, and, upon the plaintiff's refusal to plead further, the court rendered judgment in favor of the defendants. Errors relied upon for reversal are the sustaining of each demurrer.

The law establishing the Indiana Farm Colony for the Feeble-minded provides as follows: "Whenever a feeble-minded person shall have an estate, or his parents shall be financially able to pay for his support, a definite amount fixed by the board of trustees shall be paid by such estate or by his parents under the same regulations as now provided for the insane and feeble-minded, in laws of 1917, chapter 72, page 176." Acts 1919 p. 480, ch. 94, §12, §4211 Burns 1926.

The appellees claim that the law under which the appellant seeks to enforce its claim against them is unconstitutional, in so far as it attempts to charge the defendants with the expense of keeping said inmate, and said law violates §23 of Art. 4 and §1 of Art. 9 of the Constitution of Indiana. Said §23 of Art. 4 (§126 Burns 1926) is as follows: "In all cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the state." And said §1 of Art. 9 (§197 Burns 1926) is as follows: "It shall be the duty of the General Assembly to provide by law for the support of institutions for the education of the deaf and dumb, and of the blind, and also for the treatment of the insane." In *Napa State Hospital* v. *Dasso* (1908), 153 Cal. 698, 96 Pac. 355, 18 L. R. A. (N. S.) 643, 15 Ann. Cas. 910, the California statute requiring compensation from the estates of persons confined in a state hospital for insane only, and not for those confined elsewhere, was held constitutional and not to be class legislation. The law in question applies equally to all inmates of the institution under like circumstances. It is a general law and of uniform operation. Under the code of Iowa, providing that public support of insane persons shall not release relatives liable therefor, and that they shall be responsible to the county for sums paid by it to the State for the hospital expenses of such insane persons, a father is liable for the care and maintenance in such a hospital of his minor son. *Guthrie County* v. *Conrad* (1907), 133 Iowa 171, 110 N. W. 454. In the instant case, the complaint does not show whether the son of the defendants was a minor or an adult. In *Schultz* v. *Western Farm Tractor Co.* (1920), 111 Wash. 351, 190 Pac. 1007, 14 A. L. R. 514, the court said: "Doubltless the legal duty of a parent to support his normal children ceases at the age of majority, but the

rule is not the same with respect to his defective children, whether the defect be mental or physical. To these he owes a continuing obligation of support, which ceases only when the necessity for support ceases." Primarily, the duty to support a child rests upon the father. 46 C. J. 1258, §35. The mother is not, at common law, during the life of the father, bound to support the child. But, by statutory provision, a mother as well as the father may be made liable for the support of a child. *Paxton* v. *Paxton* (1907), 150 Cal. 667, 89 Pac. 1083. "Where it is sought to impose a statutory liability upon the parents for the support of an adult child, the case must be brought within the terms of the statute, and the liability does not accrue until proceedings have been had pursuant to the statute to impose it." 46 C. J. 1270, §47. The law upon which the State based its claim is not unconstitutional.

In the complaint it was stated that the defendants had been and were the owners jointly and as tenants by the entireties of real and personal property. And it was alleged that the defendants were and are financially able to pay for the support of the said Adrian Troxler at the said farm colony. It does not appear that there was a motion to make the complaint more specific in this particular. The averment in this case as to the financial ability of the parents to pay was sufficient.

The law under which said inmate was admitted to the state institution provides: "No person making application for committal of a feeble-minded person under this act shall be liable for any of the costs arising therefrom." Acts 1919, ch. 94, §11, §4210 Burns 1926. The complaint shows that one of the defendants made application for the committal of said inmate. The costs there mentioned refer to court costs and not to pay for the support of an inmate as expressly provided for in the next section of the act.

The appellees claim that the court correctly sustained the demurrers to the complaint as it fails to show that the estate of the defendants is not needed for the support of the parents or brothers or sisters of the inmate. Section 12 of the act of 1919, upon which this action was predicated, provides that payment shall be made "under the same regulations as now provided for the insane and feeble-minded, in laws of 1917, chapter 72, page 176." These regulations are all contained in section 2 of the act of 1917. The requirement in §1 of said act, that the estate of an inmate must not be needed for support of certain relatives of the inmate, is not a regulation that would require such an allegation when the pay for the support of the inmate is to be made by the parents.

The court erred in sustaining the demurrers to the complaint.

The judgment is reversed, with instructions to the circuit court to overrule the demurrer to the complaint of each defendant, and for further proceedings in accordance with this opinion.