McKENNA, Appellant, v. ROBERTS COUNTY, Respondent
(32 N. W.2d 687.)

(File No. 8934. Opinion filed June 3, 1948.)

**Turner & McKenna,** of Sisseton, for Appellant.
**Milton Cameron,** of Sisseton, for Respondent.

ROBERTS, P. J.   Respondent county filed with the administrator of the estate of Timothy J. Donovan, deceased, claim for the amounts expended by the county for the treatment and maintenance of the deceased as a patient in the State Hospital for the Insane at Yankton.   After hearing and allowance of the claim, the administrator apealed to the circuit court contending that the statute under which the county sought reimbursement was void; that the county court erred in holding that no part of the claim was barred by the six-year statute of limitations, SDC 33.0232; and that if the statute referred to is constitutional the county was not entitled to interest because the amount expended is the measure of reimbursement.   From judgment of the circuit court sustaining allowance of the claim with interest, the administrator appeals.

There is no issue of fact in this proceeding.   Only such facts as are necessary to an understanding of the controversy will be stated.   Timothy J. Donovan, a resident of Roberts county, was committed to the State Hospital for the Insane at Yankton on February 8, 1905, and remained there and received treatment and care until July 24, 1906; that he was committed a second time on August 11, 1908, and was there continuously confined until his death on November 24, 1942; that the county has not been reimbursed for its expenditures in the amount of $558.93 in maintaining the deceased at the hospital from the time of his commitment to July 24, 1906, and from the time of his second sommitment to December 31, 1908, and for the further amount of $3,303.07 expended subsequent to January 1, 1926; and that Timothy J. Donovan died leaving no surviving wife, children or dependent heirs.

The statute under which the county seeks reimbursement originated as Chap. 98, Laws 1895, and was incorporated without change into the Political Code of 1903 as section 544. It was provided as set out in the first sentence thereof that "the amount incurred by any county of this state for treatment and maintenance of any insane person in the hospital for the insane shall be a charge against the estate of such insane person." No cause of action under its provisions arose until the death of the insane person when his "estate" came into existence. Minnehaha County v. Boyce, 30 S. D. 226, 138 N. W. 287; Meade County v. Welsh, 34 S. D. 348, 148 N. W. 601. After the decision in the Boyce case, the legislature amended section 544 (Chap. 313, Laws 1913). The amendment made the amount incurred by any county for treatment and maintenance a charge against the "property and estate * * * both during the lifetime and after death," of the insane person. The effect of the amendment was to render the six-year statute of limitations applicable to claims for reimbursement. Sogn v. Clark County, 50 S. D. 499, 210 N. W. 738.

This statute as amended in 1913 continued in effect, § 5484, Rev. C. 1919, SDC 30.0216, without any intervening change until amended by Chap. 118, Laws 1939, which reads in part as follows:

"The amount incurred by any county in this state for treatment and maintenance of any insane person in a hospital for the insane shall be a charge against the property and estate of such insane person, both during the lifetime and after the death of such person, **and until paid and shall not be affected by any statute of limitations; * * *"** (Emphasis supplied).

Appellant administrator contends that the amendment of 1939 should not be construed to have a retroactive effect; that all claims for reimbursement already barred at the time of the effective date thereof remain so and have not been revived; and that respondent county is not therefore entitled to reimbursement for amounts expended prior to July 1, 1933.

The county in reply invokes application. of Chap. 208, Laws 1923, amending section 10087, Rev. Code 1919, SDC 30.0120. The first paragraph of this section as amended provided for compensating certain members of boards of insanity and for the payment of expenses incurred in the determination of the status of alleged incompetent persons. These statutory provisions then followed:

"The compensation and expenses provided by this section shall be allowed and paid out of the 'Insane Fund' in the County Treasury in the usual manner, if there is a sufficient amount in such fund to pay the same, and if not, it may be paid out of the General Fund. When the person examined shall be found to be insane or is committed to the Hospital for examination, observation and treatment, such expense when paid by the County shall be charged by the County Auditor to such person and to those legally bound to support such insane person and may be collected in the same manner as charges for the support of such insane person in the Hospital for the Insane; **provided the Statute of Limitations shall not commence to run until the death of the insane patient, but action may be begun at any time during the life time of the insane person.**" (Emphasis supplied.)

Appellant stresses the point that this section applied to expenses incurred by a county in the commitment of an insane person and that the proviso related to and was limited by the preceding provisions and therefore applied only to reimbursement for expenses. As a general rule the purpose of a proviso is to modify the operation of that part of the statute immediately preceding it or to except something from the operation of the statute which would otherwise have been within it. The word "provided" does not in and of itself convert the words following into a "proviso." In Georgia Railroad & Banking Co. v. Smith, 128 U. S. 174, 9 S. Ct. 47, 49, 32 L. Ed. 377, it is said: "It is a common practice in legislative proceedings, on the consideration of bills, for parties desirous of securing amendments to them to precede their proposed amendments with the term 'provided,' so as to declare that, notwithstanding ex-

isting provisions, the one thus expressed is to prevail; thus having no greater signification than would be attached to the conjunction 'but' or 'and' in the same place, and simply serving to separate or distinguish the different paragraphs or sentences." We cannot agree with the interpretation suggested by counsel. The legislature postponed the running of the statute of limitations to afford full opportunity to counties to pursue remedies for the recovery of claims before the bar of the statute would intervene. The act of 1923 provided that expenses be collected in the same manner as charges for support. With respect to the applicability of the statute of limitations, it would be difficult to discover any reason for a distinction between claims for expense and those for support. It is obvious that no distinction was intended. The legislature in harmony with the purpose of the 1923 act as we construe it clarified its provisions in the code revision of 1939 (§30.0120) by expressly providing that the statute of limitations shall not commence to run until the death of an insane person "upon any claim of the county or state for expense or care." The court erred in holding that the county was not barred from recovering the payments of $558.93 made more than six years before the effective date of the 1923 act. The other payments are not barred.

■■■■ Appellant contends that the judgment is erroneous in that the county allowed interest upon the several amounts from the respective dates upon which the county made payment. SDC 37.1711 provides that interest is recoverable where the demand is certain or capable of being made certain by calculation. The obligation to reimburse arises at the time of disbursement by the county of an amount for the care of an insane person. It thus appears that all the items entering into and making up the total sum due from the estate of the deceased to the respondent county where known and the whole amount due was readily ascertainable. The statute under consideration in authorizing reimbursement does not in terms or by implication exclude the right of the county to recover interest. The court did not err in allowing interest.

Appellant attacks the constitutionality of this statute providing that the amount incurred by a county for the support of an insane person shall be a charge against his property. The case of Bon Homme County v. Berndt, 15 S. D. 494, 90 N. W. 147, was first before this court on an appeal from an order sustaining demurrer to the complaint. The statute in question (Chap. 98, Laws 1895) was held not invalid as granting immunities to certain citizens not granted to others. On appeal from an order sustaining demurrer to the answer (Bon Homme County v. Berndt, 15 S. D. 494, 90 N. W. 147) as to the objection of double taxation, this court held that the contention was without merit. Appellant contends that this court confined its decisions in the Berndt case to the arguments presented and that the precise question which we are now asked to decide was not there presented. Counsel bases his argument against validity of the statute on the theory that a person who through the medium of taxation may be compelled to contribute to a specific fund should have equal rights and benefits from such fund with all other persons in a like position who are inhabitants of the territory from which the fund was contributed. There is no claim that the amounts charged are not just and reasonable. These amounts were not imposed as taxes, but were predicated upon services rendered to the deceased while confined in the insane hospital. Gutherie County v. Conrad, 133 Iowa 171, 110 N. W. 454; State v. Grassman, 157 Or. 696, 74 P.2d 60, 114 A. L. R. 978. The State Hospital for the Insane treats and cares for many patients who have no property, but it does not follow that the public must bear the expense of maintaining patients who have property. The classification is based upon a substantial distinction. Bon Homme County v. Berndt, supra. As was said in Yturburru's Estate, 134 Cal. 567, 66 P. 729: "A law in effect requiring that patients at the hospitals for the insane shall be there supported out of their own estates is wise and reasonable, and does not come within any inhibition of the constitution against class legislation. * * * The distinction between the helpless and those able to help themselves is a natural one, and, so far as we are informed, pervades the laws of all civilized countries. "A

majority of the courts that have had under consideration similar statutes have sustained their validity. See annotation in 48 A. L. R. 733.

The judgment is reversed and the cause is remanded for further proceedings in accordance with this decision.

All the Judges concur.